[Civ. No. 56955. Second Dist., Div. Four. Aug. 21, 1980.]

MICHAEL ANDREW MATTINGLY, a Minor, etc.,
Plaintiff and Appellant, v.
ANTHONY INDUSTRIES, INC., Defendant and Respondent.

508

COUNSEL

Ronald S. Glassman and Stephen J. Gray for Plaintiff and Appellant.

Revere, Citron & Wallace, Joel F. Citron and Douglas C. Berard for Defendant and Respondent.

OPINION

**WOODS, Acting P. J.**—On June 29, 1977, plaintiff and appellant herein filed three causes of action against Anthony Industries, Inc., for

personal injuries sustained after a fall into a swimming pool. The causes of action alleged were negligence, strict liability, and attractive nuisance. On January 23, 1979, the respondent's motion for summary judgment as to each of these causes of action was granted on the grounds that the plaintiff was barred by the statute of limitations pursuant to Code of Civil Procedure section 337.1. This case involves an appeal from that order.

The following issues are presented:

Is a swimming pool a construction of an improvement to real property within the meaning of Code of Civil Procedure section 337.1, and does the absence of fencing constitute a patent deficiency of design, so that this section bars the bringing of this action?

Is a swimming pool also a product, and if so, is the appropriate statute of limitations Code of Civil Procedure section 340, which section would not bar the bringing of this action?

I

In 1963, the Kiley Corporation hired defendant and respondent, Anthony Industries, Inc., to construct a swimming pool on the premises of 2686 East 55th Way, Long Beach, California. The specifications called for an in-ground swimming pool situated in the center of a multiunit horseshoe shape apartment complex. The pool was constructed in accordance with the specifications provided by defendant Kiley Corporation. The plans and specifications did not call for the construction of a fence or barrier to surround the swimming pool. On May 2, 1963, the pool was completed and plastered and filled with water.

Andrew and Shirley Mattingly, the parents of Michael Mattingly, the plaintiff and appellant herein, were tenants of the apartment house on November 23, 1976, when Michael, then 18 months of age, fell into the swimming pool and was submerged for an undetermined amount of time. On June 29, 1977, plaintiff and appellant filed suit for personal injuries.

II

The court granted the motion for summary judgment herein by determining that these actions were time-barred under Code of Civil

Procedure section 337.1,[1] which states that a patent deficiency in an improvement to real property is barred by a four-year procedural statute of limitations. Subdivision (e) of section 337.1 provides that a "patent deficiency" means a deficiency which is apparent by reasonable inspection. ■ Appellant argues that, in the case at bar, the absence of a fence surrounding the swimming pool would not be patently deficient to the untrained eye of the user, and whether or not the ordinary user would recognize the deficiency is a question of fact for the jury. We disagree.

We are mindful that respondent argues that a fence is not an integral part of a swimming pool and the absence thereof does not constitute a part of its design. Respondent contends that they are not, nor have they ever been, regularly engaged in the business of constructing fences. It is difficult for this court to conceptualize a fence as an integral part of a swimming pool, but it is not necessary for us to reach this issue to resolve the legal question before us.

The swimming pool and the dangers attendant thereto as they relate to the absence of fencing are matters of such common experience that

---

[1]Code of Civil Procedure section 337.1 provides: "(a) Except as otherwise provided in this section, no action shall be brought to recover damages from any person performing or furnishing the design, specifications, surveying, planning, supervision or observation of construction or construction of an improvement to real property more than four years after the substantial completion of such improvement for any of the following:

"(1) Any patent deficiency in the design, specifications, surveying, planning, supervision or observation of construction or construction of an improvement to, or survey of, real property;

"(2) Injury to property, real or personal, arising out of any such patent deficiency; or

"(3) Injury to the person or for wrongful death arising out of any such patent deficiency.

"(b) If, by reason of such patent deficiency, an injury to property or the person or an injury causing wrongful death occurs during the fourth year after such substantial completion, an action in tort to recover damages for such an injury or wrongful death may be brought within one year after the date on which such injury occurred, irrespective of the date of death, but in no event may such an action be brought more than five years after the substantial completion of construction of such improvement.

"(c) Nothing in this section shall be construed as extending the period prescribed by the laws of this state for the bringing of any action.

"(d) The limitation prescribed by this section shall not be asserted by way of defense by any person in actual possession or the control, as owner, tenant or otherwise, of such an improvement at the time any deficiency in such an improvement constitutes the proximate cause of the injury or death for which it is proposed to bring an action.

"(e) As used in this section, 'patent deficiency' means a deficiency which is apparent by reasonable inspection.

"(f) Subdivisions (a) and (b) shall not apply to any owner-occupied single-unit residence."

assuming, arguendo, the absence of a fence constitutes a deficiency in our situation, it is a patent deficiency and subject to the provisions of Code of Civil Procedure section 337.1. Appellant quotes language cited by the Supreme Court in *Barker* v. *Lull Engineering Co.* (1978) 20 Cal.3d 413, 430 [143 Cal.Rptr. 225, 573 P.2d 443, 96 A.L.R.3d 1], to the effect that in many situations "'...the consumer would not know what to expect, because he would have no idea how safe the product could be made.' [Citation]," and argues that examination of the pool by a user would not register in the mind of the user any apparent defect in the absence of the fence. We find this position untenable. We believe that the absence of a fence is indeed open and obvious and within the common experience of the pool user and does not hold the user to the same standard to which a pool builder or developer would be held.

It is contended by appellant that even if the absence of fencing is a patent deficiency under ordinary circumstances, it is latent under the facts of this case, where the infant plaintiff was 18 months of age at the time of the accident. Appellant argues that the defect is neither apparent to, nor would it be understood by, someone of such tender years. The test used to determine whether a deficiency is patent is not a subjective one, applied to each individual user; rather, it is an objective test based on the reasonable expectations of the average consumer.

In *d'Hedouville* v. *Pioneer Hotel Co.* (9th Cir. 1977) 552 F.2d 886, the court found that the jury was properly instructed that a product was defective when it has a propensity for causing physical harm "'...beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics.'" (*Id.*, at p. 891.) The court held that the subjective appreciation of the danger to a particular plaintiff was not the test. Rather, "[t]his determination was to be made by reference to a generalized and objective standard, i.e., 'the ordinary knowledge common to the community.'" (*Id.*, at p. 892.)

On similar facts, the Supreme Court of Wisconsin in *Vincer* v. *Esther Williams All-Aluminum, etc.* (1975) 69 Wis.2d 326 [230 N.W.2d 794], refused to use a subjective test to determine danger. In that case, a two-year-old infant fell into a swimming pool; suit was brought alleging that it was defective for lack of a self-latching gate. The court said that the test of whether the pool is unreasonably dangerous is an objective one, not dependent upon the knowledge of a particular injured consumer.

If a swimming pool in a family apartment building, unfenced, is a deficiency in design, it was deficient from the time it was constructed, and that deficiency is a patently obvious one. Its character does not change according to the knowledge or sophistication of its users.

### III

It is the further contention of the appellant that those sections of the code which set forth the statutes of limitation pertaining to improvements to land are not applicable to this factual situation. That instead we should conclude that "a swimming pool is a product under strict products liability with the appropriate statute to be applied being Code of Civil Procedure 340, subdivision 3."

Appellant effectively places great reliance on the opinion of the New York Supreme Court in *DeCrosta* v. *A. Reynolds Const. & Supply Corp.* (1975) 49 App.Div.2d 476 [375 N.Y.S.2d 655], in which that court held that a contractor who undertakes to construct additions to real property may be considered a manufacturer for purposes of strict products liability, and thus, an in-ground swimming pool contractor came within the class of people who could be held responsible on the theory of strict products liability.

Again, it is not necessary for us to resolve this issue in the case before us, as we have concluded that section 337.1, subdivision (a) of the Code of Civil Procedure would be the appropriate statute of limitations to be applied to this defendant even if a cause of action in strict products liability were stated.

As noted earlier, Code of Civil Procedure section 337.1 provides that no action may be brought for damage resulting from a patent deficiency in an improvement to real property, after four years from completion of its construction. In the instant case, the pool construction was completed in 1963. The plaintiff was injured on November 23, 1976. Obviously, the four-year statute of limitations had run prior to the plaintiff's injury.

Code of Civil Procedure section 340 provides a one-year statute of limitations for an action for injury arising out of the wrongful act or negligence of a third party. Defendant, as the manufacturer of a product, could be sued at any time within one year from November 23,

1976, under that statute. The complaint in this action was timely filed on June 29, 1977, without regard to the minority of the plaintiff.

In enacting Code of Civil Procedure sections 337.1 and 337.15 (a 10-year statute of limitations on latent defects), the Legislature intended to protect contractors against liability extending for a potentially limitless period of time. The California Supreme Court in *Regents of University of California* v. *Hartford Acc. & Indem. Co.* (1978) 21 Cal. 3d 624, 633, at footnote 2 [147 Cal.Rptr. 486, 581 P.2d 197], explained: "A contractor is in the business of constructing improvements and must devote his capital to that end; the need to provide reserves against an uncertain liability extending indefinitely into the future could seriously impinge upon the conduct of his enterprise." In *Regents, supra,* the court acknowledged that the statute of limitations had run against a contractor, under the terms of Code of Civil Procedure section 337.15, even though, but for that section, a complaint would have been timely filed. It was brought within the appropriate limitation of four years for breach of prospective warranty, and three years for negligent injury to realty, both periods of limitation beginning with the discovery of the defect. (*Regents of University of California* v. *Hartford Acc. & Indem. Co., supra,* 21 Cal.3d at p. 630.) The Supreme Court concluded that the statute of limitations running from the date of construction was primary, and cut off all liability of the contractor.

 Whether or not this swimming pool is a product, it is unarguably an improvement to real property and any action for a patently deficient or defective design must have been brought within four years of the date of completion of the pool.

The finding of the trial court that this action was barred by the four-year statute of limitations set forth in Code of Civil Procedure section 337.1 and the granting of respondent's motion for summary judgment based thereon are affirmed.

Savitch, J.,* and Holmes, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.