[No. A040306. First Dist., Div. Four. Dec. 22, 1987.]

STONESON DEVELOPMENT CORPORATION et al., Petitioners,
v.
THE SUPERIOR COURT OF SAN MATEO COUNTY,
Respondent;
FLORENCE COFFEY, Real Party in Interest.

**COUNSEL**

Owen, Melbye & Rohlff and Pamela J. Helmer for Petitioners.

No appearance for Respondent.

Donald E. Hanson for Real Party in Interest.

**OPINION**

**ANDERSON, P. J.—** ■ The sole issue raised by this petition is whether the 10-year limitation period of section 337.15 of the Code of Civil Procedure applies to a cause of action based on strict products liability.[1] We conclude that it does, requiring the striking of a cause of action based on this theory of liability.

According to the allegations of the complaint against petitioner, a mudslide in 1962 caused damage to real party's hillside property. Petitioner repaired the damages improperly in that year and, as a result, the real property was damaged by mudslides in 1982. A complaint was filed in 1983 against petitioner among others and amended in 1985. Petitioner moved to strike the second cause of action based on breach of implied warranty and the third cause of action based upon strict products liability. Real party in interest presented no opposition to the striking of the second cause of action but contended that the 10-year statute did not bar the cause of action based on products liability. Respondent court agreed without explanation and, on September 25, 1987, granted the motion to strike the second cause of action and denied the motion to strike the third cause of action.

Subdivision (a) of section 337.15 provides that "No action may be brought to recover damages from any person, . . . who develops real

---

[1] All further statutory references will be to the Code of Civil Procedure.

property or performs or furnishes the design, specifications, surveying, planning, supervision, testing, or observation of construction or construction of an improvement to real property more than 10 years after the substantial completion of the development or improvement for any of the following: (1) Any latent deficiency in the design, specification, surveying, planning, supervision, or observation of construction or construction of an improvement to, or survey of, real property. (2) Injury to property, real or personal, arising out of any such latent deficiency."

The parties do not dispute that petitioner is protected by this section against an action for negligence or breach of contract. Nor do they dispute that real party in interest has stated a cause of action for product liability. As real party points out citing *Avner* v. *Longridge Estates* (1969) 272 Cal.App.2d 607 [77 Cal.Rptr. 633] and *Kriegler* v. *Eichler Homes, Inc.* (1969) 269 Cal.App.2d 224 [74 Cal.Rptr. 749], causes of action for product liability have been extended to land development situations. The only dispute is whether the provision in section 337.15 that "no action" may be filed beyond the 10-year period includes an action based on product liability.

Nothing in the language of the section suggests that product liability actions are exempt from its scope. Nor does consideration of legislative intent aid real party in interest. In considering whether contract actions come within the scope of section 337.15, the court in *Moseley* v. *Abrams* (1985) 170 Cal.App.3d 355 [216 Cal.Rptr. 40], looked to the legislative history to determine legislative intent. The court found that the main topics with which the Assembly Judiciary Interim Committee was concerned included "the time-of-discovery rule's erosion of the defense of the statute of limitations in cases involving latent defects (*Avner* v. *Longridge Estates* (1969) 272 Cal.App.2d 607, 616-617 [77 Cal.Rptr. 633]; *Balfour, Guthrie & Co.* v. *Hansen* (1964) 227 Cal.App.2d 173, 188-189 [38 Cal.Rptr. 525]); . . . [and] the then-recent extension of strict liability concepts into the housing industry on theories of implied and express warranty (*Eichler Homes, Inc.* v. *Anderson* (1970) 9 Cal.App.3d 224, 231-232 [87 Cal.Rptr. 893]; *Kriegler* v. *Eichler Homes, Inc.* (1969) 269 Cal.App.2d 224, 226-229 [74 Cal.Rptr. 749]) . . . ." (*Id.,* at p. 362.)

The only argument real party has to make is one of equity and public policy. She points out that since the early 1980's homeowners' insurance policies have been written so that there is no coverage either for earthslide or negligent construction and that application of section 337.15 essentially leaves the homeowner without a remedy. The same point, however, could be made as to a cause of action for negligence or breach of contract. Furthermore to construe the statute as not covering a cause of action for

product liability would render illusory the protection the Legislature intended to give the developer.

No case has considered whether section 337.15 applies to causes of action based on product liability. However, a court has considered the issue in the context of section 337.1. That section provides an outside limit of four years on actions based on *patent* defects in real property in contrast to the ten-year limit of section 337.15 on actions based on *latent* defects. In *Mattingly v. Anthony Industries, Inc.* (1980) 109 Cal.App.3d 506 [167 Cal.Rptr. 292], an action was brought to recover personal injuries suffered when a child fell into a swimming pool. Plaintiff argued that an action based on strict product liability would not be precluded by section 337.1. The court disagreed, explaining: "In enacting Code of Civil Procedure sections 337.1 and 337.15 (a 10-year statute of limitations on latent defects), the Legislature intended to protect contractors against liability extending for a potentially limitless period of time. The California Supreme Court in *Regents of University of California v. Hartford Acc. & Indem. Co.* (1978) 21 Cal.3d 624, 633, at footnote 2, [147 Cal.Rptr. 486, 581 P.2d 197] explained: 'A contractor is in the business of constructing improvements and must devote his capital to that end; the need to provide reserves against an uncertain liability extending indefinitely into the future could seriously impinge upon the conduct of his enterprise.' In *Regents, supra,* the court acknowledged that the statute of limitations had run against a contractor, under the terms of Code of Civil Procedure section 337.15, even though, but for that section, a complaint would have been timely filed. It was brought within the appropriate limitation of four years for breach of prospective warranty, and three years for negligent injury to realty, both periods of limitation beginning with the discovery of the defect. (*Regents of University of California v. Hartford Acc. & Indem. Co., supra,* 21 Cal.3d at p. 630.) The Supreme Court concluded that the statute of limitations running from the date of construction was primary, and cut off all liability of the contractor. [¶] Whether or not this swimming pool is a product, it is unarguably an improvement to real property and any action for a patently deficient or defective design must have been brought within four years of the date of completion of the pool." (*Id.,* at p. 513.)

Since the complaint in the instant case was filed more than 10 years after petitioner completed its work on the property, we conclude that section 337.15 applies to bar the cause of action based on products liability. We issue a peremptory writ of mandate in the first instance. Such a procedure is proper as we have advised real party in interest that we might act by a peremptory writ in the first instance (§ 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-178 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a peremptory writ of mandate issue directing the San Mateo County Superior Court to vacate its order denying judgment on the pleadings as to the third cause of action for strict products liability and to enter a new order granting the motion.

Poché, J., and Sabraw, J., concurred.