993 F.2d 884
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Enriqueta SUAREZ de RODRIGUEZ and Ignacio Rodriguez,
Plaintiffs-Appellants,
v.
UNITED STATES of America; U.S. Department of Housing and
Urban Development, Defendants,
and
Republic Management, Inc., Defendant-Appellee.
 No. 91-56457.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1993.*
Decided May 19, 1993.
 
 1
 Before: NOONAN and LEAVY, Circuit Judges, and FITZGERALD,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 This wrongful death action alleging strict liability and negligence is brought by plaintiffs-appellants Enriqueta Suarez de Rodriguez and Ignacio Rodriguez (the Rodriguezes) for the death of their son, Genaro Rodriguez (Genaro) (age 22), who fell to his death from the kitchen window of his fourth story apartment. The Rodriguezes contend the accident occurred because the apartment's kitchen windowsill was an acute hazard in that it was only 20 inches from the floor and appellee Republic Management, Inc. (Republic) failed to install any protective device such as a bar or screen. They appeal the district court's granting of Republic's motion for summary judgment. We AFFIRM.
 
 I.
 
 4
 The district court found that the Rodriguezes presented no evidence that the window was defective. It concluded that, assuming the window was defective, as a matter of law, any defect was patent and obvious. In particular:
 
 
 5
 the window's dimensions and lack of restraining devices (e.g., guardrails or screens) were apparent to any observer, including the decedent. In addition, the decedent must be charged with knowledge of the danger that an open window poses. Lastly, the decedent had lived in the apartment for over seven weeks, and, accordingly, he must have been familiar with the window and the danger it posed when open. Thus, from the standpoint of the decedent, the window was patently defective, if defective at all.
 
 
 6
 The district court concluded that, since it found no California law imposing negligence or strict liability on landlords for patent defects, Republic was entitled to summary judgment[1].
 
 A. Strict Liability
 
 7
 With regard to their claim for strict liability, the Rodriguezes argue only that the district court erred in concluding that any defect was patent. They do not contend that, if the defect is latent, strict liability applies. The Rodriguezes all but concede, however, that any defect in the window is patent when they state that, given the submissions before the district court when it ruled on Republic's motion for summary judgment, "it would not take a Sherlock Holmes to conclude that the defect would be open and obvious." They claim a "more fair test" of whether any defect was latent is to judge that defect without the benefit of any post-accident evaluations. This argument is meritless.
 
 
 8
 In support of their position that any defect in the window was latent, the Rodriguezes cite the fact that, though she "patrolled" the Carlton Way property for almost three years prior to the accident, Joan Lawson, a property manager for Republic, never noted any defects with the windowsill. Likewise, Timothy Strack, Republic's district manager, and Al Corey, an inspector with the United States Department of Housing and Urban Development, failed to note any defect in the windowsill during their inspections of the premises, as did "countless managers, owners and employees of the owners in [the building's] 60 year [history]." The Rodriguezes conclude from these facts that "the hazard of a low windowsill was not readily apparent" to these individuals--e.g., it was latent. This conclusion is equally unsupportable[2].
 
 
 9
 A "latent" defect has been defined as "one that is hidden, not visible, or not readily apparent to the view of the ordinarily prudent person." BAJI 8.00.1. "Patent" defects, on the other hand, are those which "can be discovered by such an inspection as would be made in the exercise of ordinary care and prudence." Preston v. Goldman, 227 Cal.Rptr. 817, 826 (1986). The district court did not err in concluding that any defect in the window was patent. See Brooks v. Eugene Burger Management Corp., 264 Cal.Rptr. 756, 765 (5th Dist.1989) ("dangers of children playing in the street are obvious and patent") (emphasis in original); Wylie v. Gresch, 236 Cal.Rptr. 552, 560-61 (1st Dist.1987) (landlord could reasonably expect that appellants would discover the presence of vicious dog which is a danger one might expect to encounter anywhere in our society); Mattingly v. Anthony Indus., 167 Cal.Rptr. 292, 294 (2d Dist.1980) (unfenced swimming pool and its attendant dangers were "matters of such common experience" and obviousness that they were patent as a matter of law). The district court did not err in granting Republic's motion for summary judgment on its strict liability claim.
 
 B. Negligence
 
 10
 With regard to their negligence claim, the Rodriguezes argue that the central issue in this appeal is not whether falling from an open window is an open, obvious hazard, but "[c]ould this accident have been prevented by having a higher sill." We disagree. See Edwards v. California Sports, Inc., 254 Cal.Rptr. 170, 172 (1988) ("one can conjure up all manner of extreme measures which might have prevented this particular injury but that is not the issue. The fundamental inquiry is whether the duty of a landowner to exercise reasonable care in preventing injury to persons on the premises required such measures") (citation omitted).
 
 
 11
 The Rodriguezes argue that the district court erred because it applied the outdated common law standard to Republic's motion for summary judgment, a standard which essentially immunized landlords from liability. They contend this standard was abolished in Becker v. IRM Corp., 213 Cal.Rptr. 213, 222 (1985) and replaced by Cal.Civ.Code § 1714, which provides that a landlord owes a tenant a duty of reasonable care in providing and maintaining the rented premises in a safe condition under all circumstances. See also Rowland v. Christian, 70 Cal.Rptr. 97 (1968). They further contend that, under Becker, the obviousness of the danger does not preclude such liability. The Rodriguezes argue Republic violated its duty to Genaro in two ways: (1) by failing to raise the windowsill height and/or (2) by failing to install safety bars or screens.
 
 
 12
 Whether Republic owed a duty to Genaro to alter the windowsill height or install safety bars or screens is a question of law for the trial court and this court on appeal. See Brooks, 264 Cal.Rptr. at 762. There appears to be no authority from the Supreme Court of California on this issue. However, in at least one post-Becker decision, a California appellate court has decided that a landlord is not liable for failure to warn a tenant about an open, obvious danger. Wylie, 236 Cal.Rptr. at 560-61. Although we generally look to the Supreme Court of California for its interpretation of California law, where that court has not definitively spoken on an issue, we must consider decisions of the state's intermediate appellate courts. Employers Ins. of Wausau v. Albert D. Seeno Constr., 945 F.2d 284, 289 (9th Cir.1991). We agree with the district court that Republic owed Genaro no duty to warn him of the obvious danger posed by an open window nor to alter the window by installing safety bars or screens. See Wylie, 236 Cal.Rptr. at 560. As such, the district court did not err in granting Republic's motion for summary judgment on the Rodriguezes' negligence claim.
 
 II.
 
 13
 The Rodriguezes next contend that Republic is a "landlord." They concede that the district court did not consider this issue, but "request that this court deal" with it. We decline to do so. See Jones v. Aero/Chem Corp., 921 F.2d 875, 877 n. 1 (9th Cir.1990).
 
 III.
 
 14
 The Rodriguezes also raise the issue of assumption of risk, though they concede that nowhere does the district court refer to those terms. The Rodriguezes claim "the [district] court's words can be interpreted to mean that the lower court implicitly found that the decedent assumed the risk of living near a dangerous window." They ask this court to consider the issue because it is "relevant." We again decline to do so. Id.
 
 CONCLUSION
 
 15
 The district court's granting of Republic's motion for summary judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 As an alternate holding on the Rodriguezes' negligence claim, the district court found "that in this case the decedent was entirely at fault for his injuries as a matter of law." Since we affirm the district court on its main holding, we do not reach this alternative issue
 
 
 [2]
 Based on the above, the Rodriguezes state that "the lower court is the first person in 60 years to observe that the kitchen sill was defective." However, the district court did not hold that the windowsill was defective; it held that assuming the windowsill was defective, any defect was patent