[No. B097730. Second Dist., Div. Three. June 27, 1996.]

TOMKO WOLL GROUP ARCHITECTS, INC., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
REZA GHANEI, Real Party in Interest.

## COUNSEL

Kirtland & Packard, Robert A. Muhlbach and Joseph Geri for Petitioner.

No appearance for Respondent.

Jay S. Rothman for Real Party in Interest.

Collins, Collins, Muir & Traver and Robert H. Stellwagen, Jr., as Amici Curiae.

## OPINION

### KITCHING, J.—

#### INTRODUCTION

Plaintiff sustained injuries more than five years after substantial completion of a real property improvement on which petitioner performed work. Relying on the four-year limitations period in Code of Civil Procedure section 337.1[1], petitioner seeks a writ of mandate directing the Los Angeles County Superior Court to vacate its ruling denying petitioner's summary judgment motion and enter an order granting the motion.

We conclude that it is not plaintiff's injury resulting from a patent deficiency, but substantial completion of construction of a real property improvement, that triggers the limitation period of section 337.1. We further hold that section 337.1 applies to actions involving a patent deficiency, whether that patent deficiency exists at the time of, or after, substantial completion of construction. We also hold that under the circumstances of this case, the deficiency causing plaintiff's injury was "patent" as a matter of law. We therefore grant the petition and issue a writ of mandate ordering the trial court to set aside its denial of petitioner's summary judgment motion and to enter an order granting summary judgment in favor of petitioner.

---

[1]Unless otherwise specified, statutes in this opinion will refer to the California Code of Civil Procedure.

## Procedural History

On March 1, 1993, plaintiff Reza Ghanei (Ghanei) filed a complaint for damages for personal injuries against defendants Ronald T. English and R. T. English Construction Company, Inc. A second amended complaint named as additional defendants Budlong & Associates, Inc., and the petitioner, Tomko Woll Group Architects, Inc. (Tomko).

The complaint's negligence cause of action alleged that defendants designed and built a lobby or patio adjacent to Rockwell International Corporation in Canoga Park. The complaint further alleged that defendants breached their duties of care by poorly designing, planning, and building this lobby or patio, which proximately caused Ghanei to trip and fall and suffer injuries and damages.

Tomko moved for summary judgment. Ronald T. English, R. T. English Construction Company, Inc., Budlong & Associates, Inc., Hanover Architectural Products (identified as Doe 4), and Tokiwa Landscape, Inc. (identified as Doe 5) joined Tomko's summary judgment motion.

The trial court denied the summary judgment motion and Tomko subsequently filed its petition for writ of mandate in this court. (§ 437c, subd. (*l*).)

## Standard of Review

"Any party may move for summary judgment in any action or proceeding if it is contended that the action has no merit or that there is no defense to the action or proceeding." (§ 437c, subd. (a).) The motion and the opposition "shall be supported by affidavits, declarations, admissions, answers to interrogatories, depositions, and matters of which judicial notice shall or may be taken." (*Id.* at subd. (b).) Separate statements setting forth plainly and concisely all material facts which the parties contend are undisputed must be included. (*Ibid.*) The trial court shall grant the summary judgment motion if all the papers submitted show that no triable issue as to any material fact exists and that the moving party is entitled to judgment as a matter of law. In determining whether the papers show that no triable issue exists as to any material facts, the court shall consider all of the evidence and all inferences reasonably deducible from the evidence, except that summary judgment shall not be granted on inferences reasonably deducible from the evidence, if contradicted by other inferences or evidence, which raise a triable issue as to any material fact. (*Id.* at subd. (c).)

A defendant or cross-defendant meets his or her burden upon a summary judgment motion if that party has proved "one or more elements of the cause

of action . . . cannot be established, or that there is a complete defense to that cause of action." (§ 437c, subd. (o)(2).) Once the defendant has met that burden, the "burden shifts to the plaintiff or cross-complainant to show that a triable issue of one or more material facts exists[.]" (*Ibid.*; *Union Bank* v. *Superior Court* (1995) 31 Cal.App.4th 573 [37 Cal.Rptr.2d 653].)

FACTS

The parties agree that Ghanei's injury arising out of the defect in the work of improvement occurred on May 5, 1992.

The parties do not agree about the date of substantial completion. Tomko alleged that the work of improvement which Ghanei alleged to be deficient was substantially completed no later than September 30, 1986. Ghanei objected to this allegation as irrelevant, and also disputed the allegation, citing a change order, signed by representatives of Budlong & Moore Associates, Inc., and Rocketdyne, which reflected a new completion date of February 27, 1987. For purposes of this appeal, we shall use Ghanei's later date of substantial completion, February 27, 1987.

Tomko's separate statement alleged that the defect in the work of improvement is a patent deficiency. Ghanei disputed this allegation, citing his amended responses to special interrogatories, which asserted the defect was latent and that raised paving stones were a visible manifestation of an underlying latent design and construction defect.

Tomko's summary judgment motion argued that Tomko had established the affirmative defense that the limitations period in section 337.1 barred Ghanei's action. Tomko argued that the defect allegedly causing Ghanei's injury was a patent deficiency and that the work of improvement was substantially completed in 1986, more than four years before plaintiff's alleged injury in 1992.

The trial court's order denying summary judgment stated that a material triable issue of fact existed concerning when the alleged defect became patent so as to trigger the application of section 337.1. The court read the statute to require a defect to be patent at the time of substantial completion of the improvement, or at least four years before the accident. Tomko's petition followed.

ISSUES

Tomko claims that:

1. Section 337.1 bars Ghanei's action;

2. No case law supports the lower court's construction of the unambiguous statute;

3. Section 337.1 makes the date of substantial completion the event that triggers the commencement of the limitations period.

## DISCUSSION

### 1. *The Statute and the Parties' Contentions*

Section 337.1 states: "(a) Except as otherwise provided in this section, no action shall be brought to recover damages from any person performing or furnishing the design, specifications, surveying, planning, supervision or observation of construction or construction of an improvement to real property more than four years after the substantial completion of such improvement for any of the following:

"(1) Any patent deficiency[2] in the design, specifications, surveying, planning, supervision or observation of construction or construction of an improvement to, or survey of, real property;

"(2) Injury to property, real or personal, arising out of any such patent deficiency; or

"(3) Injury to the person or for wrongful death arising out of any such patent deficiency.

"(b) If, by reason of such patent deficiency, an injury to property or the person or an injury causing wrongful death occurs during the fourth year after such substantial completion, an action in tort to recover damages for such an injury or wrongful death may be brought within one year after the date on which such injury occurred, irrespective of the date of death, but in no event may such an action be brought more than five years after the substantial completion of construction of such improvement.

"(c) Nothing in this section shall be construed as extending the period prescribed by the laws of this state for the bringing of any action.

"(d) The limitation prescribed by this section shall not be asserted by way of defense by any person in actual possession or the [*sic*] control, as owner,

---

[2]Although the statute uses the word "deficiency," the cases discussing this concept frequently use "defective" and "defect" instead of this statutory word or its alternate forms. We regard these terms as synonymous and interchangeable. (*Baker* v. *Walker & Walker, Inc.* (1982) 133 Cal.App.3d 746, 759-760, fn. 9 [184 Cal.Rptr. 245].)

tenant, or otherwise, of such an improvement at the time any deficiency in such an improvement constitutes the proximate cause of the injury or death for which it is proposed to bring an action.

"(e) As used in this section, 'patent deficiency' means a deficiency which is apparent by reasonable inspection.

"(f) Subdivisions (a) and (b) shall not apply to any owner-occupied single-unit residence."

Tomko contends that the petition raises only a legal issue of statutory construction, that no case law supports the superior court's ruling, and that this court must resolve the question whether a patent defect must be patent at the time of substantial completion for section 337.1 to apply.

Ghanei responds that the trial court correctly construed section 337.1 and Tomko failed either to prove that the alleged defect existed when the project was completed or that the alleged defect was patent in law or fact. Ghanei further argues that the case is not simply a case of statutory construction, the facts are in dispute, and the latency or patency of a defect depends on whether or not it is apparent by reasonable inspection.

### 2. *Application of the Statute*

The most significant aspect of this appeal concerns whether a defect must be patent at the time of substantial completion in order to trigger the four-year limitations period, or whether a patent defect arising at some later time is the event that triggers the four-year limitations period. The trial court construed the statute as requiring a defect to be patent at the time of substantial completion of the improvement, or at least four years before the accident. Both interpretations are erroneous.

Section 337.1 exists to "provide a final point of termination, to protect some groups from extended liability." (*Sevilla* v. *Stearns-Roger, Inc.* (1980) 101 Cal.App.3d 608, 611 [161 Cal.Rptr. 700].) Section 337.1 applies only to a specific class of defendants[3], set forth in the statute, associated with the design and construction of real property improvements. The statute therefore promotes such construction, because it "frees those associated with

---

[3]It therefore does not apply, for instance, to manufacturers of products, even if such product is ultimately installed as an improvement to real property: see *Sevilla* v. *Stearns-Roger, Inc.*, *supra*, 101 Cal.App.3d at p. 611; *Baker* v. *Walker & Walker, Inc.*, *supra*, 133 Cal.App.3d at pp. 757-758; and *Nichols* v. *Swimquip* (1985) 171 Cal.App.3d 216, 221-222 [217 Cal.Rptr. 272].

it from the specter of lawsuits in the distant future. Those who fear venturing into such activities will be less deterred when a ceiling is placed on the period for which they can be held liable. The concept of promoting construction tends to harmonize with the public policy favoring the full enjoyment and use of real property." (*Wagner* v. *State of California* (1978) 86 Cal.App.3d 922, 929-930 [150 Cal.Rptr. 489].) "A contractor is in the business of constructing improvements and must devote his capital to that end; the need to provide reserves against an uncertain liability extending indefinitely into the future could seriously impinge upon the conduct of his enterprise." (*Regents of University of California* v. *Hartford Acc. & Indem. Co., supra*, 21 Cal.3d at p. 633, fn. 2.)

This kind of limitations period exists to define the period during which a plaintiff may file a complaint. Section 337.1 does not match its companion statute that addresses latent defects, section 337.15, in every particular.[4] Nonetheless the two statutes share the same purpose. Although *Ernest W. Hahn, Inc.* v. *Superior Court* (1980) 108 Cal.App.3d 567 [166 Cal.Rptr. 644] concerned section 337.15, by analogy that opinion accurately describes when the limitations period of section 337.1 commences. The statute "fixes the point at which the period of limitations begins to run at the completion of construction and *not the accrual of any cause of action resulting therefrom.*" (108 Cal.App.3d at p. 570.)[5]

 There are no cases directly on point involving our issue. However, several cases involve injuries occurring more than four years after substantial completion. To that extent they support the conclusion that section 337.1 provides an absolute bar to causes of action based on a patent deficiency that

---

[4]See the comparison of the two statutes, revealing their differences, in *Grimmer* v. *Harbor Towers* (1982) 133 Cal.App.3d 88, 92-94 [183 Cal.Rptr. 634], and in Boyle and Hastings, *California Code of Civil Procedure Sections 337.1 and 337.15: Defective Construction Defect Statutes* (1990) 21 Pacific L.J. 235, 266-267.

[5]Boyle and Hastings, *California Code of Civil Procedure Sections 337.1 and 337.15: Defective Construction Defect Statutes, supra,* 21 Pacific L.J. at pages 237-238, characterize this distinction as follows: "In ordinary statutes of limitations, 'accrual' of a cause of action is the trigger that sets the statutory clock ticking. However, in California's special construction defect statutes, the statutory clock begins to tick regardless of whether a plaintiff has discovered a cause of action exists. Sections 337.1 and 337.15 may run to completion even if no actionable damage has been discovered in the meanwhile. These statutes automatically begin to run when an improvement is 'substantially completed' and continue to run until four years and ten years, respectively, have passed. Once these statutes have run, they forever bar a plaintiff's right to sue the contractor, developer, or design professional." (Fns. omitted.) Boyle and Hastings distinguish two theories for when a statute of limitation begins to run.

are brought more than four years after substantial completion. But these cases differ from the facts of this appeal, in which the patent defect arose at some time after substantial completion and before Ghanei's injury.

*Wagner* v. *State of California, supra,* 86 Cal.App.3d 922 affirmed the dismissal, following the sustaining of a demurrer, of a cross-complaint against an engineering firm involved in the design, planning, and construction of an intersection where an accident occurred. The firm's activities occurred before 1964. (*Id.* at p. 927.) The cross-complainant argued that section 337.1, enacted in 1967, should not apply retroactively. *Wagner* held: "[i]n any event, more than four years elapsed between the enactment of the statute and the filing of the complaint; thus Wagner necessarily is barred, irrespective of retroactivity, if the limitations period set forth in section 337.1 is applicable." (86 Cal.App.3d at p. 928.) Rejecting constitutional and other challenges, *Wagner* concluded that section 337.1 did apply, and barred the cause of action. (86 Cal.App.3d at pp. 928-930.)

*Mattingly* v. *Anthony Industries, Inc.* (1980) 109 Cal.App.3d 506, 512 [167 Cal.Rptr. 292], held: "Code of Civil Procedure section 337.1 provides that no action may be brought for damage resulting from a patent deficiency in an improvement to real property, after four years from completion of its construction. In the instant case, the pool construction was completed in 1963. The plaintiff was injured on November 23, 1976. Obviously, the four-year statute of limitations *had run prior to the plaintiff's injury.*" (Italics added.) *Mattingly* reiterated: "Whether or not this swimming pool is a product, it is unarguably an improvement to real property and *any action* for a patently deficient or defective design must have been brought within four years of the date of completion of the pool." (*Id.* at p. 513, italics added.)

In *Salinero* v. *Pon* (1981) 124 Cal.App.3d 120 [177 Cal.Rptr. 204], defendant architect designed an apartment building that was completed in 1969. Plaintiff's accident occurred August 5, 1975. *Salinero* affirmed a grant of summary judgment in defendant's favor. (*Id.* at pp. 126-129.)

Ghanei's reading of the statute would give a plaintiff four years to file an action from whenever the patent defect was discovered or caused injury. Such a reading would transform a statute intended to restrict the period of liability for a certain class of defendants into an open-ended period of liability, virtually without limit. For example, as long as the defect was not patent on the date of substantial completion, Ghanei's interpretation would allow a plaintiff to sue the contractor or design professional 10 or 20 years beyond the date of completion. This would contradict the purpose of the

statute, which is to prevent "uncertain liability extending indefinitely into the future." (*Regents of University of California* v. *Hartford Acc. & Indem. Co.*, *supra*, 21 Cal.3d at p. 633, fn. 2.)

In this appeal, the patent defect arose at some time after substantial completion and before Ghanei's injury. In arguing that section 337.1 does not apply to such a patent defect, Ghanei quotes *Kralow Co.* v. *Sully-Miller Contracting Co.* (1985) 168 Cal.App.3d 1029, 1035 [214 Cal.Rptr. 630]: "Although we have been unable to find any legislative history regarding section 337.1 . . . we believe the intent of the Legislature in enacting section 337.1 was to provide a cause of action for patent deficiencies existing upon substantial completion of a project." *Kralow*, however, is distinguishable in several respects. First, *Kralow* did not involve a complaint for personal injuries; it involved a dispute between construction industry parties. Second, *Kralow* did not involve a suit arising from a patent deficiency, and never considered whether section 337.1 applied to a patent deficiency that arose and caused injury *after* the section 337.1 limitation period had run. Third, the cross-complaint in *Kralow Co.* "admitted it seeks damages solely for delay, not for patent deficiencies which still existed upon completion of the project. We hold that [the] claim does not fall within the purview of section 337.1." (168 Cal.App.3d at p. 1035.) ■ A case cannot constitute authority for a proposition which it does not consider; nothing in *Kralow* addresses the issues or the facts in this appeal. (*Harris* v. *Capital Growth Investors XIV* (1991) 52 Cal.3d 1142, 1157 [278 Cal.Rptr. 614, 805 P.2d 873].)

■ Section 337.1 applies not only to actions involving patent deficiencies existing at substantial completion, but also to actions involving patent deficiencies arising *after* substantial completion of construction. We believe that subdivision (b) of the statute supports this reading. It states: "If, by reason of such patent deficiency, an injury to property or the person or an injury causing wrongful death occurs during the fourth year after such substantial completion, an action in tort to recover damages for such an injury or wrongful death may be brought within one year after the date on which such injury occurred, irrespective of the date of death, but in no event may such an action be brought more than five years after the substantial completion of construction of such improvement." If an injury occurs in the fourth year of the statute, it may provide a plaintiff with an extension of time in which to file an action. But even if this exception lengthens the limitation period, it does not do so beyond five years, as calculated from the date of substantial completion of construction.

This exception confirms that all parts of the statute begin to run at the time of substantial completion. Section 337.1, subdivision (b) calculates commencement of the statute from the date of substantial completion of construction. We presume that the Legislature included all the exceptions it

intended to create. (*Geertz* v. *Ausonio* (1992) 4 Cal.App.4th 1363, 1370 [6 Cal.Rptr.2d 318].) The statute provides no exception for patent deficiencies that come into existence *after* substantial completion of construction, either by lengthening the limitation period or by calculating its commencement later than the date of substantial completion of construction. We may not properly engraft such an exception to the statute under the guise of judicial construction. (*Ibid.*) If a plaintiff sustains harm from a patent deficiency more than four years after substantial completion (or, if the plaintiff qualifies under the exception in subdivision (b), more than five years after substantial completion), section 337.1 bars a cause of action against the enumerated defendants.

Ghanei is not, however, left without a remedy. Section 337.1 exists to limit the liability of a class of defendants engaged in construction of real property improvements. But subdivision (d) expressly prohibits another class of defendants from using it as a defense: "The limitation prescribed by this section shall not be asserted by way of defense by any person in actual possession or the [*sic*] control, as owner, tenant or otherwise, of such an improvement at the time any deficiency in such an improvement constitutes the proximate cause of the injury or death for which it is proposed to bring an action." After the statutory limitation period elapses, therefore, the enumerated construction industry defendants cease to have responsibility for harm from patent deficiencies. That responsibility remains in a "person in actual possession or control" of the real property improvement. The rational basis for this legislative determination is that such a person will have control over the property at the time of the accident, will be in the best position to discover a defect and to prevent injury, and will be likely to have insurance. (*Barnhouse* v. *City of Pinole* (1982) 133 Cal.App.3d 171, 182 [183 Cal.Rptr. 881]; see also *Preston* v. *Goldman* (1986) 42 Cal.3d 108, 124 [227 Cal.Rptr. 817, 720 P.2d 476].)

Section 337.1 establishes an absolute four-year limitations period (subject to the exceptions in subdivisions (b) and (d)) within which a plaintiff must bring an action against defendants to which the statute applies, regardless of when the patent deficiency is discovered or when the harm occurs. We therefore conclude that section 337.1 barred Ghanei's action against Tomko and that the trial court should have granted Tomko's summary judgment motion.

3. *There Is No Triable Issue of Fact Regarding When the Defect Became Patent*

Ghanei argues that there is a triable issue of fact regarding when the alleged defect manifested itself. We reject that argument.

The four-year limitations period of section 337.1 applies to actions involving damages for injury to the person caused by "[a]ny patent deficiency in the design, specifications, surveying, planning, supervision or observation of construction or construction of an improvement to, or survey of, real property." (§ 337.1, subd. (a)(2).) As we have seen, subdivision (e) of the statute defines "patent deficiency" as "a deficiency which is apparent by reasonable inspection."

Tomko's interrogatory No. 22 incorporated this definition. It asked Ghanei: "Do you contend that the defect in the project which caused your injuries is patent in nature ('patent' defect means a defect which is apparent by reasonable inspection)." Ghanei responded: "Yes, to any person viewing the area in question for the existence of a defective condition."

Tomko's interrogatory No. 23 asked: "If your answer to Special Interrogatory No. 22 was in the affirmative, please state each fact on which you base your response." Ghanei responded: "The concrete slabs were visibly raised, and caused at least three (3) other similar trips and/or falls."

In the opposition to the summary judgment motion, Ghanei submitted amended responses (§ 2030, subd. (m)) to these interrogatories, which stated: "No, I contend the defect was latent. The raised paving stones were a visible manifestation of the underlying latent design and construction defect as was detailed in response [to] interrogatory 13. My previous response to this interrogatory was based upon my interpretation of the question as asking whether or not there was any visible evidence of a fault or imperfection in the underlying design or construction of the patio *on the date of my fall.* I did not intend my previous response to be interpreted to mean that there was a patent defect at the tim[e] construction of the patio was completed. As a result of my interpretation I previously respond[ed] 'yes' to this question because the paver stones had shifted as a result of either or all of [the] following: the failure to design and specify a paving system that would not permit different movement over time; the use of different paver stones than specified allowing movement [over] time; and, the use of vegetation that had root systems that could and would cause different movement over time."

This amended interrogatory response unsuccessfully attempts to create a triable issue of fact as to whether the defect was "latent" rather than "patent," at the time of the injury, so as to avoid the four-year statute.

No material triable issue of fact exists concerning the characterization of the defect as "patent" on the date of Ghanei's injury. The fact that Ghanei tripped and fell on the "visibly" deficient paving supports the conclusion that it was a "patent defect" as defined by section 337.1.

The test to determine whether a deficiency is patent is based on the average consumer's reasonable expectations. The test is thus objective rather than subjective; it is not applied to each individual user.[6] Pavement, and the dangers attendant to it, are matters of such common experience that a visible defect substantial enough to cause a pedestrian to trip and fall constitutes a patent defect. Such a conclusion may be determined as a matter of law on summary judgment. (*Mattingly* v. *Anthony Industries, Inc.*, *supra*, 109 Cal.App.3d at pp. 509-511; *Preston* v. *Goldman*, *supra*, 42 Cal.3d at p. 123.)

By enacting section 337.1 the Legislature intended "to limit a developer's liability to four years from the date of completion of the structure whenever *by a reasonable inspection* the deficiency could be ascertained." (*Baker* v. *Walker & Walker, Inc.*, *supra*, 133 Cal.App.3d at p. 763.) The defective pavement on which Ghanei tripped is not a "baffling and hidden deficiency, unapparent 'by reasonable inspection.' " (*Ibid.*) In some circumstances the difference between the cause of a defect, and the manifestation of the defect, can become relevant. (See the analysis of *Baker*, *supra*, in *Winston Square Homeowner's Assn.* v. *Centex West, Inc.* (1989) 213 Cal.App.3d 282, 291 [261 Cal.Rptr. 605].) This is not such a case. No purpose is served in treating the raised pavement on which Ghanei tripped as a latent defect simply because it is unknown what caused the pavement to shift or rise. The defect was readily apparent, and its detection required neither inspection nor expertise.

## Disposition

The petition is granted. Let a writ of mandate issue directing respondent court to vacate its order denying the motions for summary judgment and to enter a new order granting the motions.

Croskey, Acting P. J., and Aldrich, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied October 23, 1996. Chin, J., was of the opinion that the petition should be granted.

---

[6]"The use of an *objective* test for a patent defect effectuates the broad protection afforded contractors by the statute by eliminating the possibility that a defect could be deemed patent as to some plaintiffs and latent as to others depending on the circumstances of each person injured as a result of the defect." (*Geertz* v. *Ausonio*, *supra*, 4 Cal.App.4th at p. 1370.) The fact that an injured plaintiff neither knew about nor could have discovered the alleged defect during the limitations period does not exempt such a plaintiff from section 337.1. (4 Cal.App.4th at pp. 1369-1371.)