Russell Dwayne RODGERS,
Plaintiff—Appellant,

v.

HORSELY, Sheriff; Sheriff Cardoza; Derner, Captain; Cohn, Captain; Horan, Lieutenant; Boss, Lieutenant; Schumaker, Sgt.; Cassandro, Sgt.; Cheng, Sgt.; Luddy, Sgt.; Krimmer, Sgt.; Dowdy, Deputy; Guidotti, Deputy; McKercher, Deputy; O'Rourke, Correctional Officer; Trott, M.D.; Leis, Correctional Officer; Kearnan, Correctional Officer; Carlson, Correctional Officer; Flores, Correctional Officer; Haslinger, Correctional Officer; Madina, Correctional Officer; Lewetzon, Correctional Officer; Hoss, Correctional Officer; McKague, Correctional Officer; Elzey, Correctional Officer; Roybal, Correctional Officer, Defendants—Appellees.

No. 03–16053.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 9, 2004.

Decided Feb. 3, 2005.

---

**4.** 20 C.F.R. § 416.929; *Smolen v. Chater*, 80 F.3d 1273 (9th Cir.1996).

**5.** *Smolen*, 80 F.3d at 1281.

**6.** *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)

Warrington S. Parker, III, Esq., USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, Joren Bass, Esq., Heller Erhman White & McAuliffe, Menlo Park, CA, for Plaintiff—Appellant.

V. Raymond Swope, III, Esq., Hall of Justice and Records, Thomas F. Casey, III, Esq., County Counsel's Office, Redwood City, CA, Anya Binsacca, Michael W. Jorgenson, Esq., AGCA—Office of the California Attorney General (SF), San Francisco, CA, for Defendants—Appellees.

Before: O'SCANNLAIN, COWEN,* and BEA, Circuit Judges.

## MEMORANDUM **

Russell D. Rodgers appeals the district court's order granting M.D. Trott's motion for summary judgment on the basis that his civil rights claims were barred by the statute of limitations. Rodgers contends that the district court committed the following errors: (1) ignoring the dismissal and consolidation orders previously entered in the same court by a different judge, (2) finding that the claims against Trott did not relate back to the original timely filed complaint, and (3) denying his motion for a continuance to obtain the

---

* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

orders. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

Trott, a California Board of Prisons Deputy, presided over Rodgers' parole revocation extension hearing on December 16, 1992. Trott allegedly inappropriately ejected Rodgers from the hearing, enhanced the charges against him, improperly admitted evidence against him, ruled against him in absentia, and unlawfully extended his parole by 180 days. Rodgers was released from prison one year later, on December 16, 1993.

Rodgers filed three pro se civil rights complaints in federal court under 42 U.S.C. § 1983. The first, filed November 22, 1994, identified a few defendants, but did not name Trott or any Doe defendants. Various causes of action were asserted, including harassment, deliberate indifference to serious medical needs, improper use of excessive force, and inhumane prison conditions. The complaint only included the following equivocal references to the parole hearing and hearing officer (later identified to be Trott): "The H.O. changed and heard charges without warning. . . . Throughout my incarceration I was routinely/constantly harassed, threatened, falsely charged, refused (fair) hearings/input, and shuffled in the segregation units." *Rodgers v. Cardozo,* No. C 94–4060 SBA (N.D.Cal.1994) (the "4060 Action") (E.R. at 5–6).

The second complaint, filed January 3, 1995, named Trott as the sole defendant and alleged that Trott denied Rodgers due process during the parole revocation hearing: "At the hearing—H.O. Trott discriminated and disdained the true testimony, made up/fabricated testimony, and practically ordered the testifying officers . . . to perjure themselves, then H.O. raised and heard charges without notice." *Rodgers v. Trott,* C 95–0007 SBA (N.D.Cal.1995) (the "0007 Action") (E.R. at 12).

The third complaint, filed January 5, 1995, did not name Trott as a defendant and only included a vague reference to the parole hearing: "On 12/16/92 . . . I was not allowed to have inmate witnesses in the room designated for hearings. On appeal to CDC, they responded that it is a jail policy. The proceedings were also illegal with no disciplinary report." *Rodgers v. Horsely,* No. C 95–0048 SBA (N.D.Cal. 1995) (the "0048 action") (E.R. at 21). This complaint includes claims similar to those asserted in the other actions.

On December 21, 1995, the district court (Armstrong, J.) dismissed the 0007 Action as duplicative (the "Dismissal Order"). The court found that the action repeated the same factual allegations, "even if . . . filed against new defendants." (Order, Dec. 21, 1995, at 3.) As the order stated: "The only facts pleaded in the instant pleading that are not contained in the other two actions pending before this court is the name of the defendant, M.D. Trott." (*Id.* at 1.) The court explained that it would "take judicial notice of the name of the defendant, M.D. Trott, when reviewing the instant claim pending before this court in C 94–4060 SBA and C 95–0048 SBA." (*Id.* at 3, n. 1.)

The court screened Rodgers' remaining claims and issued an order on December 29, 1995 construing the 4060 and 0048 Actions, consolidating them under the 0048 Action, dismissing certain claims, and ordering the filing of an amended complaint (the "Consolidation Order"). As the court explained, in pertinent part:

[the 0007 Action] was dismissed as duplicative as the sole claim raised in the complaint was a challenge to the Parole Revocation Extension hearing on the ground that [Rodgers] was denied an inmate witness and the charges were changed without notice. The court takes judicial notice that M.D. Trott was

named as the hearing officer in the action.

(Order, Dec. 29, at 9.) The court also stated that Rodgers alleged a cognizable claim against Trott for denial of his due process rights. (*Id.* at 26.)

Rodgers filed an amended complaint on February 12, 1996, naming Trott as one of the defendants and asserting the claims deemed cognizable by the district court. After receiving leave from the court, Rodgers filed a second amended complaint on December 19, 1996, which also named Trott as a defendant.

The case was transferred from Judge Armstrong to Judge Jenkins on December 17, 1997. The court issued an order of service on September 13, 2000, requiring service of the second amended complaint on Trott. On February 12, 2001, the district court (Jenkins, J.) granted Trott's motion for summary judgment pursuant to Fed.R.Civ.P. 56 on the ground that the claims against Trott were barred by the statute of limitations, and this appeal followed.[1]

We review *de novo* a district court's order granting summary judgment. *See Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir.2002). In considering a motion for summary judgment, we view all evidence in the light most favorable to the non-moving party and any permissible inferences are drawn in that party's favor. *See Ventura Packers, Inc. v. F/V JEA-NINE KATHLEEN*, 305 F.3d 913, 916 (9th Cir.2002). We may affirm a summary judgment on any ground finding support in the record, whether or not relied upon by the district court. *See Jewel Cos. v. Pay Less Drug Stores N.W., Inc.*, 741 F.2d 1555, 1564–65 (9th Cir.1984); *see also Si-*

*cor Ltd. v. Cetus Corp.*, 51 F.3d 848, 861 n. 17 (9th Cir.1995).

It is undisputed on appeal that under California law, the applicable statute of limitations for § 1983 claims is one year. *See Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir.1998). Under federal law, Rodgers' claims against Trott accrued on the date of the hearing, December 16, 1992, when the alleged constitutional violations occurred. *See TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). However, under California law, the claims for damages were tolled while Rodgers was incarcerated. Therefore, those claims did not accrue until his parole on December 16, 1993, and Rodgers had one year from that date to file a complaint. Rodgers first named Trott as a defendant on January 3, 1995.

The pivotal issue we must determine is *when* the claims against Trott were, or should be deemed to have been, initially asserted. Rodgers contends that his first complaint, filed on November 22, 1994, alleged claims against Trott because the Dismissal Order explained that it would take judicial notice of Trott as a defendant when reviewing the initial complaint. Alternatively, Rodgers argues that his claims against Trott should be deemed timely pursuant to the relation back doctrine.

## I. Judicial Notice

We review for abuse of discretion a district court's decision to take judicial notice under Rule 201 of the Federal Rules of Evidence. *See United States v. Chapel*, 41 F.3d 1338, 1342 (9th Cir.1994).

Pursuant to Rule 201, a court may take judicial notice of adjudicative facts "not subject to reasonable dispute." Fed.

---

1. On April 28, 2003, Rodgers settled all claims, other than those against Trott, and the district court entered an order of dismissal.

R.Evid. 201(b). Such indisputable facts are either those "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Id.*

■ Here, Judge Armstrong took judicial notice of Trott being named as a defendant in a complaint which only included a vague reference to "H.O." and named neither Trott nor any Doe defendants in the caption. Determinations regarding the status of unnamed parties to a litigation are not within the realm of judicially noticeable facts. Such facts are neither "generally known within the territorial jurisdiction" nor "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b); *compare United States v. Daychild,* 357 F.3d 1082, 1099 (9th Cir.2004) (district court permitted to take judicial notice that indictment was properly returned because it would be "capable of accurate and ready determination"); *Ritter v. Hughes Aircraft Co.,* 58 F.3d 454, 458–59 (9th Cir.1995) (district court permitted to take judicial notice that layoffs had been made in Southern California because it "would be generally known ... and capable of sufficiently accurate and ready determination").

The district court, therefore, abused its discretion by taking judicial notice of a disputable fact pursuant to Rule 201. Because we reject the judicially noticed fact, we must review the record to determine whether Trott was actually a party to the initial timely filed complaint, or alternatively whether the relation back doctrine saves the subsequent complaint from a statute of limitations bar.

## II. Unknown Defendants and Relation Back

We have previously held that the relation back provisions of state law, rather than federal law, govern civil rights actions pursuant to 42 U.S.C. § 1983. *See Merritt v. County of Los Angeles,* 875 F.2d 765, 768 (9th Cir.1989).

Under California law, a plaintiff may bring one or more causes of action against an unknown defendant by timely filing a Doe complaint. Section 474 of California's Code of Civil Procedure provides in pertinent part: "When the plaintiff is ignorant of the name of a defendant, he *must* state that fact in the complaint ... and such defendant may be designated ... by any name [customarily Doe], and when his true name is discovered, the pleading ... must be amended accordingly...." Cal.Civ. Proc.Code 474 (emphasis added). The plaintiff has three years to identify the unknown defendant, amend the complaint, and effect service of the complaint. *See Norgart v. Upjohn Co.,* 21 Cal.4th 383, 87 Cal.Rptr.2d 453, 981 P.2d 79, 89 (1999). Effectively, this process could be used to enlarge the limitations period because an untimely amended complaint may "relate back" to the initial timely filed complaint *Id.*

For the relation back doctrine to apply the amended complaint must "(1) rest on the *same general set of facts,* (2) involve the *same injury,* and (3) refer to the *same instrumentality,* as the original one." *Id.* at 96. The new complaint does not relate back to the original complaint against a defendant who was neither specifically named, nor named as a "Doe" defendant, in the original complaint. *See Kralow Co. v. Sully–Miller Contracting Co.,* 168 Cal. App.3d 1029, 214 Cal.Rptr. 630, 634 (Ct. App.1985).

■ Rodgers' timely filed complaint fails to name Trott or any Doe defendants.

We recognize that technical errors in the caption should not control over the substance of the complaint. *See Bell v. Tri–City Hosp. Dist.*, 196 Cal.App.3d 438, 241 Cal.Rptr. 796, 803 (Ct.App.1987). The test for determining whether a party was an intended defendant to an action is an objective one: "would a reasonable defendant have understood the complaint to allege that it was in some way responsible for plaintiff's injury?" *Id.* Here, the cryptic assertion that "H.O. changed and heard charges without warning" was not enough to put a reasonable defendant on notice of potential culpability. (E.R. at 5–6); *see Ingram v. Superior Court*, 98 Cal.App.3d 483, 159 Cal.Rptr. 557, 560–61 (1979) (finding the relation back doctrine inapplicable where plaintiff failed to name party as a defendant either in the caption or the body of the complaint and only included an allegation that the party was negligent). Despite Rodgers' assertion to the contrary, this is not a situation involving an incomplete caption to a complaint which adequately identifies Trott as a defendant in the body of the complaint.

Further support for the conclusion that Trott was not a defendant to the initial complaint is the fact that less than six weeks after the initial filing, Rodgers filed a separate complaint against Trott which *included details of the alleged violations at the hearing.* If the initial complaint stated a cause of action against Trott, Rodgers could simply have amended the initial complaint to add Trott to the caption.

Because we find that Trott was not identified in the initial complaint, either as a Doe defendant or otherwise, the relation back doctrine does not apply. It is there-

fore unnecessary to consider whether the facts, injury and instrumentality were sufficiently analogous to support relation back of the complaint.

Accordingly, we affirm the district court's order granting Trott's motion for summary judgment.[2]

AFFIRMED.

---

2. We have received and reviewed the initial orders entered by Judge Armstrong. Rodgers' appeal of the district court's denial of his motion for a continuance to obtain those orders is denied as moot.

