Filed 6/23/14

**CERTIFIED FOR PARTIAL PUBLICATION**[*]

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DELON HAMPTON & ASSOCIATES, CHTD., <br><br> Petitioner, <br><br> v. <br><br> THE SUPERIOR COURT OF LOS ANGELES COUNTY, <br><br> Respondent; <br><br> LOS ANGELES COUNTY METROPOLITAN TRANSPORTATION AUTHORITY, <br><br> Real Party in Interest. | No. B252356 <br><br> (Los Angeles County Super. Ct. No. BC489953) |

ORIGINAL PROCEEDINGS in mandate.  Robert H. O'Brien, Judge.  Petition granted.

Collins Collins Muir+Stewart, Michele L. Gamble, Alexandra N. Krasovec and James C. Jardin for Petitioner.

No appearance for Respondent.

Krutcik & Georggin, James A. Krutcik, A. Nicholas Georggin and Alexandra Buechner for Real Party in Interest.

---

[*]     Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of part III of the Discussion.

## INTRODUCTION

In 1993, real party in interest Los Angeles County Metropolitan Transportation Authority (MTA) completed the rail station at 4th Street and Hill Street in Los Angeles. In 2011, Jose Madrigal fell on a stairwell at the station. Alleging that the stairwell was "too small" and that its banister was "too low," Madrigal sued the MTA. The MTA cross-complained against, among others, petitioner Delon Hampton & Associates, CHTD (Hampton), which provided design and/or construction services at the station. Hampton demurred to the first amended cross-complaint based on Code of Civil Procedure section 337.1,[1] which contains a four-year limitations period for patent defects. The trial court overruled the demurrer. Because we conclude that the defects alleged were patent, we grant Hampton's petition for writ of mandate and direct the trial court to sustain the demurrer without leave to amend.

## BACKGROUND

The rail station at 4th and Hill streets was completed in 1993. On August 15, 2011, Madrigal " 'fell over and/or from a stairwell' " at the rail station, which was a part of the development of the Southern California Rapid Transit District Metro Rail Project.

Madrigal filed a complaint on August 9, 2012 against MTA for dangerous condition of public property and statutory liability and for negligence. He alleged, " 'Among other defects, the banister of the stairwell was too low and the stairwell too small given the number, age, and volume of persons entering and exiting the Metro Rail station.' " MTA " 'failed to provide adequate safeguards against this known dangerous condition by, among other acts and omissions, failing to properly design, construct, supervise, inspect and repair the Premises causing the same to be defective and unsafe for its intended purposes.' "

---

[1] All further undesignated statutory references are to the Code of Civil Procedure.

MTA cross-complained against numerous entities involved in the construction of the rail station where Madrigal fell, including Hampton, which "performed design and/or construction services for construction of the Premises." As to Hampton, the first amended cross-complaint alleged causes of action for equitable indemnity, comparative contribution, apportionment of fault, and declaratory relief.[2]

Hampton demurred to the first amended cross-complaint on the ground that the causes of action were barred by the four-year statute of limitations in section 337.1, subdivision (a)(1), and any deficiencies in design were patent under that section.[3] Hampton requested judicial notice of the March 15, 1993 notice of completion of the project.[4]

On September 11, 2013, the trial court overruled the demurrer, finding that the defect was not patent as a matter of law.[5]

---

[2]    The cross-complaint alleged a cause of action for express indemnity against Morrison-Knudsen Company, Inc., which is not a party to this appeal.

[3]    Other cross-defendants who are not a party to this appeal joined the demurrer.

[4]    The trial court did not rule on the request.

[5]    At the same time the trial court overruled Hampton's demurrer to the first amended cross-complaint, the court sustained with leave to amend the demurrer of ICF Kaiser Engineers, Inc. MTA filed a second amended cross-complaint, which Hampton answered and which is the operative pleading. That pleading is identical to the first amended cross-complaint except that this paragraph was added: "Cross-Complainant is informed and thereupon believes that the KAISER entities are not protected by any claim of bankruptcy protection for a variety of reasons, including but not limited to the KAISER entity sued upon herein was not named in any bankruptcy petition, and/or no bankruptcy protection exists for those claims which arose after the filing of the Bankruptcy Petition."
The general rule is that the filing of an amended complaint supersedes the original complaint, precluding appellate review of the original complaint. (See e.g., *Schneider v. Brown* (1890) 85 Cal. 205, 206.) The rule, however, makes little sense under the circumstances before us, where the allegations against the demurring cross-defendant are identical in the two pleadings. We therefore find that the petition is not moot.

**DISCUSSION**

## I.      Standard of review.

To determine whether a plaintiff has properly stated a claim for relief, "our standard of review is clear:  ' "We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.]  We also consider matters which may be judicially noticed." [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context.  [Citation.]  When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action.  [Citation.]  And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment:  if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.]  The burden of proving such reasonable possibility is squarely on the plaintiff.'  [Citations.]"  (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.) Our review is de novo.  (*Ibid.*)  Toward this end, we must liberally construe the complaint with a view to achieving substantial justice between the parties.  (§ 452.)

## II.      The defects alleged are patent.

Hampton contends that the first amended cross-complaint is barred by the statute of limitations in section 337.1.[6]  We agree.

The statute of limitations in section 337.1 exists to "provide a final point of termination, to protect some groups from extended liability."  (*Sevilla v. Stearns-Roger, Inc.* (1980) 101 Cal.App.3d 608, 611.)  Section 337.1, subdivision (a), therefore provides: "Except as otherwise provided in this section, no action shall be brought to recover

---

[6]      MTA suggests in its return to the petition another reason why the demurrer should be overruled:  The handrails were defectively manufactured, and section 337.1 does not apply to manufacturers of products.  (*Mills v. Forestex Co.* (2003) 108 Cal.App.4th 625, 643.)  The first amended cross-complaint, however, does not contain a claim based on manufacturing defect.  This argument therefore does not state a ground for overruling the demurrer.

4

damages from any person performing or furnishing the design, specifications, surveying, planning, supervision or observation of construction or construction of an improvement to real property more than four years after the substantial completion of such improvement for any of the following:  [¶] . . . [¶] (3) Injury to the person or for wrongful death arising out of any such patent deficiency."[7]

A " 'patent deficiency' means a deficiency which is apparent by reasonable inspection." (§ 337.1, subd. (e); see also *Tomko Woll Group Architects, Inc. v. Superior Court* (1996) 46 Cal.App.4th 1326, 1336.)  A patent defect can be discovered by the kind

---

[7]     Section 337.1 of the Code of Civil Procedure, provides in full:  "(a) Except as otherwise provided in this section, no action shall be brought to recover damages from any person performing or furnishing the design, specifications, surveying, planning, supervision or observation of construction or construction of an improvement to real property more than four years after the substantial completion of such improvement for any of the following:
     "(1)  Any patent deficiency in the design, specifications, surveying, planning, supervision or observation of construction or construction of an improvement to, or survey of, real property;
     "(2)  Injury to property, real or personal, arising out of any such patent deficiency; or
     "(3)  Injury to the person or for wrongful death arising out of any such patent deficiency.
     "(b)  If, by reason of such patent deficiency, an injury to property or the person or an injury causing wrongful death occurs during the fourth year after such substantial completion, an action in tort to recover damages for such an injury or wrongful death may be brought within one year after the date on which such injury occurred, irrespective of the date of death, but in no event may such an action be brought more than five years after the substantial completion of construction of such improvement.
     "(c)  Nothing in this section shall be construed as extending the period prescribed by the laws of this state for the bringing of any action.
     "(d)  The limitation prescribed by this section shall not be asserted by way of defense by any person in actual possession or the control, as owner, tenant or otherwise, of such an improvement at the time any deficiency in such an improvement constitutes the proximate cause of the injury or death for which it is proposed to bring an action.
     "(e)  As used in this section, 'patent deficiency' means a deficiency which is apparent by reasonable inspection.
     "(f)  Subdivisions (a) and (b) shall not apply to any owner-occupied single-unit residence."

of inspection made in the exercise of ordinary care and prudence, whereas a latent defect is hidden and would not be discovered by a reasonably careful inspection. (*Preston v. Goldman* (1986) 42 Cal.3d 108, 123; *Wagner v. State of California* (1978) 86 Cal.App.3d 922, 927 ["A patent defect is one which can be discovered by such an inspection as would be made in the exercise of ordinary care and prudence"].) "The test to determine whether a construction defect is patent is an objective test that asks 'whether the average consumer, during the course of a reasonable inspection, would discover the defect. . . .' [Citations.] This test generally presents a question of fact, unless the defect is obvious in the context of common experience; then a determination of patent defect may be made as a matter of law (including on summary judgment). [Citations.]" (*Creekridge Townhome Owners Assn., Inc. v. C. Scott Whitten, Inc.* (2009) 177 Cal.App.4th 251, 256; accord, *Tomko Woll Group Architects, Inc. v. Superior Court, supra,* 46 Cal.App.4th at p. 1339 ["The test to determine whether a deficiency is patent is based on the average consumer's reasonable expectations"]; *Geertz v. Ausonio* (1992) 4 Cal.App.4th 1363, 1370.)

Defects that are latent include an improperly designed heating and air conditioning system that causes uncontrollable temperature fluctuations. (*Baker v. Walker & Walker, Inc.* (1982) 133 Cal.App.3d 746, 758-759 [although the *effects* of the deficiency were obvious because the temperature was always too hot or too cold, the deficiency itself was unknown].) A railing that gives way due to improper nailing concealed by putty and paint is a latent defect. (*Hale v. Depaoli* (1948) 33 Cal.2d 228.) The absence of a vapor barrier, which caused the siding on a building to buckle, "was a latent defect, hidden from view beneath the siding." (*Mills v. Forestex Co., supra,* 108 Cal.App.4th at pp. 645-646.)

Defects that are patent include the absence of a fence around a swimming pool. (*Mattingly v. Anthony Industries, Inc.* (1980) 109 Cal.App.3d 506, 510-511 ["[t]he swimming pool and the dangers attendant thereto as they relate to the absence of fencing are matters of such common experience that assuming, arguendo, the absence of a fence constitutes a deficiency in our situation, it is a patent deficiency"].) Raised paving stones on a patio are a patent defect. (*Tomko Woll Group Architects, Inc. v. Superior Court, supra,* 46 Cal.App.4th at p. 1339 ["Pavement, and the dangers attendant to it, are matters

6

of such common experience that a visible defect substantial enough to cause a pedestrian to trip and fall constitutes a patent defect"].)  Defective construction of a landing that allows water to pool on the landing and to drain into an office is a patent defect. (*Sanchez v. Swinerton & Walberg Co.* (1996) 47 Cal.App.4th 1461, 1470-1471 (*Sanchez*).)

Defects involving stairs and guardrails have also been found to be patent.  In *Neiman v. Leo A. Daly Co.* (2012) 210 Cal.App.4th 962, for example, the plaintiff alleged that improperly " 'marked and delineated' " stairs at the theatre caused her to fall while walking down the stairs.  (*Id.* at p. 965.)  Discovery revealed that contrast marking stripes required by the plans for the theatre and by the California Building Code were never placed on the stairs.  *Neiman* held that the absence of contrast marking stripes on the stairs was an " 'obvious and apparent' condition."  (*Id.* at p. 971.)  The defect was therefore patent.  (*Id.* at p. 972.)

Similarly, the spacing between guardrails is a patent condition.  (*The Luckman Partnership, Inc. v. Superior Court* (2010) 184 Cal.App.4th 30, 36.)  The plaintiff in *Luckman* climbed through guardrails and injured himself.  Because "the spacing of the rails was obvious, and the dangers attendant to climbing through guardrails on a catwalk are . . . a matter of common experience," the alleged "defects were patent."  (*Ibid.*)

Here, the alleged defects are, first, the banister of the stairwell from which Madrigal fell was "too low"; and, second, the stairwell was "too narrow," given the number, age, and volume of people using the rail station.  The height of the banister and the width of the stairwell are not hidden.  They are open and apparent defects, and the danger of ascending or descending stairs is a matter of common experience.  (See, e.g., *The Luckman Partnership, Inc. v. Superior Court, supra,* 184 Cal.App.4th at p. 36.)  In addition to the defects being visually accessible, simple use of the stairwell would inform the average consumer whether the banister was too low or the stairwell was too narrow. The alleged defects were therefore patent.

MTA responds that whether the defects are patent can only be established through a "technical reading of the applicable building codes."  We disagree.  The existence of

7

Building Code provisions concerning stairwells only underscores that the defects should have been discovered on a reasonable inspection. Because it is "evident [that] stairs have the potential to be dangerous and the risk of falling is heightened on stairs," the Building Code is "replete with safety measures required on stairs." (*Neiman v. Leo A. Daly Co., supra,* 210 Cal.App.4th at p. 971.)

The defects alleged are patent, and therefore the four-year limitations period in section 337.1 bars MTA's cross-complaint against Hampton.

## III.    The completed and accepted doctrine.

Because we conclude that the defects alleged are patent, the first amended cross-complaint is also barred under the completed and accepted doctrine. The doctrine holds that when a contractor completes work that is accepted by the owner, the contractor is not liable to third parties injured as a result of the condition of the work, even if the contractor was negligent in performing the contract, unless the defect in the work was latent or concealed. (*Sanchez, supra,* 47 Cal.App.4th at pp. 1466-1471; see also *Jones v. P.S. Development Co., Inc.* (2008) 166 Cal.App.4th 707, 717 ["liability for the safety of a contractor's work shifts to the owner upon acceptance of the work, that is, when the owner has had an opportunity to examine the work, and thereafter represents that it is safe"].)[8] The doctrine applies to patent, but not latent, defects. (*Neiman v. Leo A. Daly Co., supra,* 210 Cal.App.4th at p. 969.)

In *Sanchez*, a subcontractor constructed the entrance stairway and landing for a building, improperly pouring the concrete in doing so. Two years after the building was completed, the plaintiff slipped on rainwater that had pooled on the landing, something that the building's owner and employees had seen occur over the years. The court concluded that the defendants were not liable for the plaintiff's injuries because the owner and its employees had long been aware that rainwater pooled on the landing.

---

[8]    Disapproved on another ground in *Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 532, fn. 7.

8

(*Sanchez, supra*, 47 Cal.App.4th at pp. 1470-1471; see also *Jones v. P.S. Development Co., Inc.*, *supra,* 166 Cal.App.4th at p. 714.)[9]

Here, the rail station where Madrigal fell was completed in 1993. That MTA " 'accepted' " the rail station was established by the public's, and specifically, Madrigal's, use of it. (See, e.g., *Neiman v. Leo A. Daly Co., supra,* 210 Cal.App.4th at p. 969 [where theatre was opened to the public, there was no dispute that owner accepted the work].) Because MTA accepted Hampton's completed work, the liability for patent defects shifted to MTA.

---

[9] In *Montijo v. Swift* (1963) 219 Cal.App.2d 351, the architect who designed a stairway in which the rail did not extend to the last step could be liable to the plaintiff who fell on the stairway. *Montijo* neither addressed the completed and accepted doctrine nor did it make a finding that the defect was patent or latent.

## DISPOSITION

The petition for writ of mandate is granted.  The trial court is directed to sustain without leave to amend the demurrer of petitioner Hampton.  Petitioner shall recover its costs on appeal.

**CERTIFIED FOR PARTIAL PUBLICATION**


ALDRICH, J.


We concur:


KLEIN, P. J.


CROSKEY, J.