[Civ. No. 6986.   Fourth Dist.   Aug. 14, 1963.]

ANTONIA P. MONTIJO, Plaintiff and Appellant, v.
KENNETH SWIFT, Defendant and Respondent.

McCarthy and Pollock, Mark P. Robinson, Linley, Duffy &
Smith and Walter R. Tinkaus for Plaintiff and Appellant.

Musick, Peeler & Garrett and Bruce E. Clark for Defendant
and Respondent.

COUGHLIN, J. — In this action the plaintiff, appellant
herein, recovered judgment against the defendant Swift, re-
spondent herein, following a trial by jury and a verdict in
her favor.   Thereafter the defendant moved for a judgment
notwithstanding the verdict and for a new trial.   Both of
these motions were granted.   Plaintiff appeals from the judg-
ment thereafter entered and from the order granting a new
trial.

The plaintiff sought to recover damages for injuries sus-
tained when she fell while descending a stairway in a bus
depot; claimed that the injuries received as a result of her
fall were caused by the negligent construction of the stair-
way in that the handrails attached to the adjoining tile walls

thereof did not extend to the bottom of the stairs and the tiles on those walls were set at such an angle that in descending the stairway it appeared that the bottom of the stairs was at a place which, in fact, was a step above the bottom; and contended that the defendant Swift was liable for damages on account thereof because he was the architect who designed and supervised the construction of the stairway.

A separate action by the plaintiff against the bus company that maintained the depot was consolidated for trial with the instant action and resulted in a verdict in favor of the plaintiff, a judgment thereon, an order denying the bus company's motion for judgment notwithstanding the verdict, and a further order granting its motion for a new trial. Appeals were taken from these orders, which were affirmed in an opinion filed by this court, this day, in *Montijo* v. *Western Greyhound Lines,* 4th Civ. 6985, *ante,* p. 342 [33 Cal.Rptr. 184], to which reference is made for a more detailed statement of the facts and pertinent portions of the evidence. For the reasons stated in that opinion, any contention that the instant order granting the motion of the defendant Swift for judgment notwithstanding the verdict must be affirmed because the evidence was insufficient to support a verdict in favor of the plaintiff on the issues of negligent construction of the stairway, proximate cause, or contributory negligence, is without merit. However, there remains for determination the issue whether the defendant Swift is liable to the plaintiff on account of the negligent construction in question.

About two years before the accident in question, Swift contracted with the bus company to serve as the architect for a proposed renovation of the subject stairway as it then existed; was employed as an independent contractor for this purpose; drew the plans and specifications for the renovation work; and supervised the ensuing construction. Upon completion, the work was accepted by the bus company. The handrails in question were a part of the original stairway; under the plans and specifications prepared by Swift, were to be replaced; were removed while the adjacent walls were tiled and stairs of a different material were constructed; and then were installed in their original position. The evidence was sufficient to support a finding that the failure to extend the handrails to the edge of the bottom step and the angle at which the wall tile had been set created a dangerous condition in that, for a person descending the stairway, there was no handrail support upon leaving the next to the last step; the end

of the rail purportedly indicated the landing level of the stairway, which was not the fact; and the termination of the rail only slightly beyond the next to the last step combined with the angle at which the wall tile had been set created an illusion that the landing was on the plane actually occupied by the last step. The evidence also was sufficient to support a finding that the dangerous condition in question resulted from the failure of the defendant Swift to exercise ordinary care in the premises. The question to be determined on this appeal is whether his duty to exercise such care extended to the plaintiff and others similarly situated.

Under the existing status of the law, an architect who plans and supervises construction work, as an independent contractor, is under a duty to exercise ordinary care in the course thereof for the protection of any person who foreseeably and with reasonable certainty may be injured by his failure to do so, even though such injury may occur after his work has been accepted by the person engaging his services. This conclusion is supported by the general principles declared and applied in *Chance* v. *Lawry's, Inc.*, 58 Cal.2d 368, 376-377 [24 Cal.Rptr. 209, 374 P.2d 185], *Stewart* v. *Cox*, 55 Cal. 2d 857, 862-863 [13 Cal.Rptr. 521, 362 P.2d 345], *Dow* v. *Holly Manufacturing Co.*, 49 Cal.2d 720, 724 [321 P.2d 736], *Hale* v. *Depaoli*, 33 Cal.2d 228, 231 [201 P.2d 1, 13 A.L.R.2d 183], and *Dahms* v. *General Elevator Co.*, 214 Cal. 733, 738-742 [7 P.2d 1013]. (See also Prosser on Torts (2d ed.) p. 517; Rest., Torts, § 385.) The evidence in the case at bar was sufficient to impose the aforesaid duty upon the defendant Swift in favor of the plaintiff. In support of a contrary position, the defendant urges the insufficiency of the evidence to establish the existence of the requirements precedent to application of the rule imposing liability upon an independent contractor in favor of a third person not in privity for the negligent performance of the former's contract as stated in *Biakanja* v. *Irving*, 49 Cal.2d 647, 650 [320 P.2d 16, 65 A.L.R. 2d 1358]. The cited case did not involve an action to recover damages for physical injuries, and nothing stated therein is inconsistent with our aforesaid conclusion.[1] The judgment upon the motion therefor notwithstanding the verdict should be reversed. Under these circumstances, a new trial must be

[1]If it be assumed that the requirements prescribed by *Biakanja* v. *Irving*, 49 Cal.2d 647 [320 P.2d 16, 65 A.L.R.2d 1358], govern the instant case, the facts therein show compliance therewith. (*Sabella* v. *Wisler*, 59 Cal.2d 21, 28 [27 Cal.Rptr. 689, 377 P.2d 889]; *Stewart* v. *Cox*, 55 Cal.2d 857 [13 Cal.Rptr. 521, 362 P.2d 345].)

354

had unless the order granting such is reversed. However, for the reasons stated in the companion case, i.e., *Montijo* v. *Western Greyhound Lines,* 4th Civ. No. 6985, *ante,* p. 342 [33 Cal.Rptr. 184], the order granting the defendant's motion for a new trial should be affirmed.

The judgment in favor of the defendant Swift is reversed and the order granting his motion for a new trial is affirmed.

Griffin, P. J., and Brown (Gerald), J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied October 9, 1963.