[Civ. No. 7933.   Fourth Dist., Div. One.   Oct. 18, 1966.]

BARBARA JANE MALLOW, a Minor, etc., et al., Plaintiffs and Respondents, v. TUCKER, SADLER & BENNETT, ARCHITECTS & ENGINEERS, INC., Defendant, Cross-complainant and Appellant; CAMINO DEL RIO PROPERTIES, INC., Defendant, Cross-complainant, Cross-defendant and Respondent; R. E. HAZARD, JR., Inc., Defendant, Cross-defendant, Cross-complainant and Respondent; INDUSTRIAL INDEMNITY COMPANY, Intervener, Cross-defendant and Respondent.

Gray, Cary, Ames & Frye and J. Sterling Hutcheson for Defendant, Cross-complainant and Appellant.

Schall, Nielsen, Boudreau & Price and W. J. Schall for Plaintiffs and Respondents.

McInnis, Focht & Fitzgerald and William T. Fitzgerald for Defendant, Cross-complainant, Cross-defendant, and Respondent.

Allen, Petersen & Mansell and Floyd W. Giddens for Defendant, Cross-defendant, Cross-complainant and Respondent and for Intervener, Cross-defendant, and Respondent.

BROWN, P. J.—This appeal follows a wrongful death action brought by the heirs of Paul Ed Mallow, a workman killed while employed on the job by defendant, R. E. Hazard, Jr., Inc. (Contractor) as it remodeled a motel on the premises of defendant Camino del Rio Properties, Inc. (Owner). Defendant Tucker, Sadler & Bennett, Architects and Engineers, Inc. (Architect) independently contracted with Owner to act as the architect for this construction project. The workman was electrocuted while jackhammering footings in the ground at the place called for by Architect's plans; the jackhammer broke into an underground high-voltage transmission line.

The complaint alleged (1) negligence of Owner in failing to make the premises safe for decedent's use and a failure to warn of known danger, and (2) negligence of Architect in failing to warn of the existence and location of the high-voltage line, specifically, by not showing it on the plans it prepared for the construction.

Architect cross-complained (1) against Contractor and Industrial Indemnity Company, the workmen's compensation carrier for Contractor (Insurer), (a) alleging the negligence of Contractor and Owner in failing to warn decedent so as to defeat Insurer's subrogation rights to the workmen's compensation death benefit, and (b) for indemnity; and (2) against Owner (a) for indemnity, alleging the architectural services "did not include any work in connection with said electrical conduit," and later amending this to the theory that Owner breached its contractual duty to inform Architect of the underground conduit, and (b) for indemnity, alleging a negligent failure to warn the workman.

Owner cross-complained for indemnity (1) against Architect and Contractor, alleging their negligent failure to warn,

and (2) against Insurer for the death benefit paid because of the insured Contractor's alleged negligence.

Contractor cross-complained for $6,705 against Architect and Owner for negligent failure to warn Contractor of the danger; the damages represented the money Contractor was required to spend to repair the underground transmission line and to provide replacement electrical current until it was repaired.

Insurer intervened against Architect and Owner, incorporating plaintiffs' allegations of negligence and seeking recovery from them of the $21,100 workmen's compensation benefit payable to plaintiffs by Insurer.

The trial court, without a jury, found that Architect was negligent in the preparation of the plans and specifications for the construction work, and that this negligence was the proximate cause of decedent's death and the damage to the transmission line. Owner and Contractor were found free from negligence. No agreements to indemnify, in reference to the causes of action set forth above, were found.

The court gave judgment (1) for $85,825 to plaintiffs in their wrongful death action against Architect, and (2) for $6,705 on Contractor's cross-complaint against Architect for property damage. The intervener, Insurer, was given a lien on plaintiffs' judgment in the amount of workmen's compensation benefit it had paid.

■ The evidence is clear that Architect did not delineate the underground high-voltage line on the plans it prepared, nor did it make any notation on these plans that it had been unable to find the location of the line, although it knew that several years earlier, another firm of architects had drawn plans for the high-voltage line and that it had been installed. All that Architect did was to notify Owner by separate letter that it had been unable to locate the high-voltage line. The plans called for excavation of footings where, as it turned out, the line was buried.

Owner and Contractor were also aware of the existence of the underground line, but they knew only the approximate location of it. Furthermore, within the week before the accident, Contractor's workmen had uncovered two 4-inch underground conduits; Contractor's foreman telephoned this information to Architect, whose agent examined the conduits and stated, ''This must be the high-voltage lines.''[1]

---

[1] These conduits were opened after the accident and found to be empty.

We have given careful attention to the several issues asserted at length in Architect's appeal; they are each unmeritorious. Plaintiffs have cited the applicable law: "[A]n architect who plans and supervises construction work, as an independent contractor, is under a duty to exercise ordinary care in the course thereof for the protection of any person who foreseeably and with reasonable certainty may be injured by his failure to do so, . . ." (*Montijo* v. *Swift*, 219 Cal.App.2d 351, 353 [33 Cal.Rptr. 133] and *Miller* v. *DeWitt* (1965) 59 Ill.App.2d 38 [208 N.E.2d 249, 274].) The cases relied upon by Architect, *e.g.*, *Amaya* v. *Home Ice, Fuel & Supply Co.*, 59 Cal.2d 295 [29 Cal.Rptr. 33, 379 P.2d 513], and *Biakanja* v. *Irving*, 49 Cal.2d 647 [320 P.2d 16, 65 A.L.R.2d 1358], are patently inapposite. The evidence abundantly supports the findings which, contrary to Architect's assertions, are not inconsistent with each other.

This is the paradigm case of an architect's negligence. Architect failed to make any mention on its plans of the underground high-voltage line it knew was in the area; further, these plans called for excavation right where the buried electrical power line was located. ▮ Architect urges that proximate cause is not present in this case. There was, however, a direct progression of events between Architect's negligence and the workman's death.

The judgment is affirmed.

Coughlin, J., concurred.

A petition for a rehearing was denied November 16, 1966, and appellant's petition for a hearing by the Supreme Court was denied December 14, 1966.