## 49642. HUTCHESON v. EASTERN ENGINEERING COMPANY et al.

DEEN, Judge.

The appellant plaintiff, whose husband sustained fatal injuries during the construction of a building, sued the owner, the general contractor and Eastern Engineering Company, the job architect and engineer. Eastern had prepared the plans and specifications, including open hatchways to be used as an elevator shaft by the owner in hoisting machinery from one floor to another, but it did not furnish any of such equipment nor make any recommendations with respect to the type of equipment or how it was to be used. Hutcheson, an employee of a subcontractor, and another employee were engaged in lifting a heavy load of asbestos siding from the fourth to the sixth floor via a hoist and pulley operated on signal by another workman on another floor. The load stuck; Hutcheson, attempting to pull it loose walked between it and the opening; the signal was given at about the same time and the load swung over and knocked Hutcheson into the shaft.

The trial court's grant of summary judgment to the defendant architect was proper. The only viable allegation of negligence was faulty design in that the guardrails called for in the specifications were removable, without provision to keep a load on the floor from swinging, or providing a low bumper rail as a

minimum protection to persons working around the hole. However, Eastern did not furnish the equipment, it did not design the shaft for construction purposes, and it did not have any control over the method in which it was being used by the subcontractor. It did provide for guardrails, and the guardrails were not removed by it. The mere fact that they perhaps were necessarily removed if the particular load being transported was to go through the hatchway would not constitute negligence on its part, it having no responsibility so far as the record shows for providing for the transportation of building materials in the course of construction.

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*

ARGUED SEPTEMBER 5, 1974 — DECIDED SEPTEMBER 25, 1974 — REHEARING DENIED OCTOBER 11, 1974 — 

*Swift, Currie, McGhee & Hiers, James T. McDonald, Jr., John F. Sacka,* for appellant.
*M. D. McLendon,* for appellees.