## Coatman v. Alpha Racquetball, Inc.

*C. Roy Weidner, Jr.,* for plaintiffs.
*J. Michael Flanagan,* for defendant.

SHUGHART, *P.J.,* April 6, 1982 — Lester Coatman was seriously injured when he fell through an aperture in a roof while employed as a roofer involved in the construction of racquetball courts located at 4732 Old Gettysburg Road in Lower Allen Township. The accident occurred on December 5, 1978. Coatman and his wife subsequently filed suit against the above captioned defendants, including Roland Nissley, the architect for the construction project. On January 19, 1982, Nissley filed a motion for summary judgment. The matter has been briefed and argued and it is now ripe for decision.

The facts are not in dispute. Nissley was hired by Wohlsen Construction Company to design the building and to provide drawings for state approval and bidding purposes. During the course of construction, Nissley visited the construction site approximately twice a month at the request of the contractor to review questions concerning materials and the interpretation of drawings. The aperture through which Coatman fell was cut into the roof to accommodate roof-mounted heating and ventilation equipment. Nissley did not design the aperture. Further, he did not incorporate safety features into his drawings to protect workers from falling through such openings.

In his motion for summary judgment, Nissley maintains that there is no duty owing from him to Coatman and therefore there is no basis for imposing liability upon him. Plaintiffs insist that Nissley had a duty to include safety features in his designs

and that his failure to do so constitutes actionable negligence. Plaintiffs also aver in their complaint that Nissley was negligent in "failing to adequately supervise the work and safety precautions on the construction project. . . ." Complaint paragraph 26.

In Fazzini v. Republic Steel Corporation, 58 D. & C. 2d 384, 387 (1972), a worker was injured when he fell through a hole in the roof of a high school then under construction. He instituted suit against the architect for the project on the theory that the architect failed to prescribe adequate warning requirements and that the architect failed to exercise adequate control during construction. In sustaining the architect's demurrer and dismissing plaintiff's complaint with prejudice, the court stated at p. 387:

"[The] contract contains no undertaking by Everett Associates [the architect] to assume any duty of supervision and control in regard to the actual construction of the school outside of periodic inspections to insure the quality of construction and in connection with the issuance of final certificates for payment to the construction contractor. Nor are we aware of any statutory or general, common-law duty of an architect to protect workmen on an owner's premises from the kind of hazard herein averred."

Fazzini is directly on point with our case and we are in accord with this decision.

Decisions in other jurisdictions deal with the question of the achitect's liability. In Brown v. Gamble Construction Company, Inc., 537 S.W. 2d 685, 687 (Mo. App. 1976), which also involved a roofer who fell through a hole in the roof upon which he was working, the trial court directed a

verdict for defendant architect. The court of appeals affirmed stating that "holes, commonly found in uncompleted roofs, are left to permit installation of heating ducts. . . . They do not constitute defects in plans or specifications for the construction of the building." See also Hutcheson v. Eastern Engineering Company, 132 Ga. App. 885, 209 S.E. 2d 680 (1974).

We agree with plaintiffs' position that an architect is liable for failing to exercise the ordinary skill of his profession. None of the cases cited by plaintiffs, support a conclusion that liability should be imposed in this case. For example, in Evans v. Howard R. Green Co., 231 N.W. 2d 907 (Iowa 1975), the architect prepared and supervised all plans and specifications for the building and subsequent imiprovement of a water pollution control plant. During the course of construction, workers were injured as the result of steps taken at the direction of an employee of the architect to correct a defect in the architect's design. In the case at bar, Nissley was not supervising construction, nor did he direct the aperture be cut in the roof. In Montijo v. Swift, 219 Cal. App. 2d 351, 33 Cal. Rptr. 133 (1963), the architect's plans were followed and injury resulted after construction was completed. In that situation the architect breached a duty to design a safe end product. Where, as here, the architect has neither designed the instrumentality causing the injury nor contracted to supervise construction, see Brown v. Gamble Construction Company, Inc., supra (no duty to supervise unless architect expressly agrees to do so) there is no activity by the architect on which to premise liability.

Plaintiffs argue that Nissley could have easily included safety features in his plans for any apertures cut into the roof, and that by failing to do so,

he was negligent. Ease of inclusion is not the question. The test of negligence is whether defendant could reasonably foresee the likelihood of harm to the injured person resulting from his act or failure to act. See Dahlstrom v. Shrum, 368 Pa. 423, 84 A. 2d 289 (1951). If the harmful consequences could reasonably have been foreseen and prevented, the conduct may be considered negligent: Brusis v. Henkels, 376 Pa. 226, 102 A. 2d 146 (1954). But in considering foreseeability, it must be borne in mind that "'want of ordinary care consists in failure to anticipate what is reasonably probable — not what is remotely possible.'" Id. at 230, 102 A. 2d at 148, quoting Tua v. Brentwood Motor Coach Company et al., 371 Pa. 570, 92 A. 2d 209 (1952). It is for this reason that an individual cannot be charged with negligence because he failed to anticipate an unusual combination of circumstances. See Johnston v. Pennsylvania Railroad Company et al., 135 Pa. Superior Ct. 45, 4 A. 2d 539 (1939). Can it be said that it was reasonably foreseeable to Nissley that someone would cut a hole in the roof of the building, although his plans did not call for any holes in the roof; that the aperture would be left inadequately protected; and that an individual working on the roof would inadvertently fall through the opening? We think not. This set of circumstances is far too remote and unusual for the law to consider foreseeable. Without such forseeability, there was no duty on the part of Nissley to include safety features in his plans. Without a duty, there is no actionable negligence.

At argument, both Department of Labor and Industry regulations and regulations of the United States Department of Labor were referred to by the parties as relating to Nissley's duty of care. Plaintiff did not brief the issue, and therefore we do not

have the benefit of a reference to any specific regulation. Nevertheless, we have looked over the regulations and we are in agreement with Nissley's argument that they are applicable to employers, not to architects. Apparently plaintiffs are satisfied that this is the case since they chose not to brief the issue.

It must be concluded that there is no duty owing from Nissley to Coatman under the circumstances of this case and therefore Nissley's motion for summary judgment must be granted.

## ORDER

And now, April 6, 1982, for the reasons appearing in the opinion filed this date, the motion of defendant Roland Nissley for summary judgment is hereby granted.