[No. B234537. Second Dist., Div. One. Oct. 30, 2012.]

ELLEN NEIMAN, Plaintiff and Appellant, v.
LEO A. DALY COMPANY, Defendant and Respondent.

**COUNSEL**

Gary M. Schneider for Plaintiff and Appellant.

Kutak Rock, Bradley Boyer, Stephanie A. Hingle and Courtney N. Conner for Defendant and Respondent.

**OPINION**

**CHANEY, J.**—Plaintiff Ellen Neiman filed this personal injury action after she fell on stairs at a theater on the campus of Santa Monica Community College. She appeals from a judgment entered after the trial court granted summary judgment in favor of defendant Leo A. Daly Company (LAD), the architect that designed the theater and observed its construction. Neiman contends the trial court erred in concluding as a matter of law that LAD established the affirmative defense of the "completed and accepted" doctrine. Under this doctrine, once a contractor has completed its work and the owner has accepted it, the contractor is not liable to third parties injured as a result of a *patent* defect in the contractor's work. Neiman argues she has raised a triable issue of material fact regarding whether the defect—lack of contrast marking stripes on the stairs—was patent or latent. We disagree with Neiman and affirm.

## BACKGROUND

In late 2004, LAD entered into an agreement with Santa Monica Community College District (SMCCD), under which LAD agreed to design a theater arts building for SMCCD and observe the construction project.[1] According to SMCCD, construction of the Main Stage Theatre of Santa Monica College

---

[1] Regarding LAD's observation of the construction, the agreement provided, in pertinent part, that LAD "agrees to observe the construction to completion and in so doing to comply with all requirements of Title 21, California Administrative Code, with respect to such observation. This observation is contemplated to mean that the Architect shall make such visits to the work in progress as to determine that the work is carried out in accordance with the contract documents including Architect's specifications . . . ."

(Main Stage) was completed on June 15, 2006. Thereafter, on a date not specified in the record, the Main Stage opened to the public. As set forth in more detail below, Neiman alleges she was injured while inside the Main Stage on May 30, 2008. On that date, a performance was scheduled to begin at the Main Stage at 7:30 p.m.

In 2009, Neiman filed this personal injury action, naming SMCCD as a defendant. In her first amended complaint, filed May 29, 2009, Neiman asserted one cause of action against SMCCD for dangerous condition of public property under Government Code section 835. Neiman alleged at around 7:10 p.m. on May 30, 2008, she fell down and sustained "serious" injuries while walking down the stairs to find a seat at the Main Stage. Neiman claimed "inadequate and insufficient" lighting at the Main Stage and improperly "marked and delineated" stairs at the Main Stage constituted a dangerous condition of public property. Neiman also alleged "the dangerous condition was created by . . . SMCCD" and SMCCD had "actual or constructive notice of the dangerous condition" within the meaning of Government Code section 835.2.

In the first amended complaint, Neiman also asserted a second cause of action for negligence against Doe defendants 26 to 50, who she alleged "were the agents, servants, employees, contractors, subcontractors, architects, engineers, and/or joint venturers" of SMCCD. Neiman claimed Doe defendants 26 to 50 "negligently, recklessly and carelessly designed, manufactured, lit, constructed, inspected, managed and maintained the Main Stage" in that they failed "to adequately and sufficiently light the stairways of the Main Stage and to properly mark and delineate the stairs of the Main Stage," causing her to fall and sustain injuries.

In April 2010, Neiman amended her first amended complaint by substituting LAD for Doe defendant 27.[2] LAD filed an answer to the first amended complaint, asserting numerous affirmative defenses, including lack of dangerous or defective condition, open and obvious condition and intervening cause.

In January 2011, LAD filed a motion for summary judgment. LAD argued an architect does not owe a duty of care to a third party like Neiman when it supervises construction work in its capacity as an agent of the owner (although it does owe such a duty when it prepares the plans and specifications in its capacity as an independent contractor). LAD presented evidence demonstrating Neiman had conceded the accident was not caused by any deficiency in the plans and specifications for the Main Stage, which LAD had

---

[2] Neiman also substituted the contractor and others who had worked on the Main Stage project as Doe defendants. LAD is the only defendant that is a party to this appeal.

prepared. Neiman was claiming LAD had negligently failed to notify SMCCD, during the construction phase of the project, that the stairs at the Main Stage did not have contrast marking stripes, even though such stripes were specified in LAD's plans,[3] and the lighting at the Main Stage was deficient.

LAD also argued in its motion for summary judgment it could not be held liable for Neiman's injuries because the work at the Main Stage had been completed and accepted by SMCCD in June 2006, long before Neiman's accident. LAD explained, under the so-called "completed and accepted" doctrine, SMCCD's failure to remedy alleged construction defects which were patent—apparent by reasonable inspection—was an intervening cause for which LAD could not be held liable. LAD asserted the alleged defects Neiman cited were patent defects. Therefore, LAD argued Neiman could not prove LAD had caused her injuries.

In her opposition to summary judgment, Neiman argued LAD owed a duty of care to third parties during the construction phase of the Main Stage project because LAD was acting as an independent contractor and not as an agent of SMCCD. Neiman referenced paragraph 22 of the 2004 agreement between LAD and SMCCD, which provided: "While engaged in carrying out and complying with the terms and conditions of this agreement, the Architect is an independent contractor and not an officer, employee or agent of the District [(SMCCD)]." This provision does not differentiate between LAD's duties in preparing the plans and specifications and its duties in observing the construction work.

With regard to the completed and accepted doctrine, Neiman argued there was a triable issue of material fact as to whether the work on the Main Stage was ever completed given that the contrast marking stripes specified in the plans were not installed. Neiman also presented evidence indicating LAD had not made a final observation and certification that the project complied with the drawings and specifications, as required under paragraph 5(n) of the 2004 agreement between LAD and SMCCD, and had not submitted to SMCCD corrected drawings and specifications showing the project as constructed, as required under paragraph 5(q) of the same agreement.

Neiman also argued there was a triable issue of material fact regarding whether the alleged defect—lack of contrast marking stripes on the stairs at

---

[3] The California Building Code specifies that, with regard to the "[a]ssembly aisle walking surfaces," "[a] contrasting marking stripe shall be provided on each tread at the *nosing* or leading edge such that the location of each tread is readily apparent when viewed in descent. Such stripe shall be a minimum of 1 inch (25 mm), and a maximum of 2 inches (51 mm), wide." (Cal. Code Regs., tit. 24, §§ 1028.11, 1028.11.3, boldface omitted.) "The contrasting marking stripe is permitted to be omitted where tread surfaces are such that the location of each tread is readily apparent when viewed in descent." (Cal. Code Regs., tit. 24, § 1028.11.3.)

the Main Stage—was latent or patent. As LAD pointed out in its summary judgment motion, the completed and accepted doctrine does not apply to latent defects. Neiman cited evidence indicating that during a June 15, 2006 walk-through of the Main Stage project, shortly before the project was deemed "completed" by SMCCD, the parties present at the walk-through—LAD, SMCCD, the contractor and a representative from the Division of the State Architect—did not notice the contrast marking stripes specified in the plans were missing.

In her opposition, Neiman did not address the adequacy of the lighting at the Main Stage or argue the lighting was deficient, even though she alleged such a deficiency in her first amended complaint. There was no testimony presented in connection with the summary judgment, either percipient or expert, about the lighting. Further, Neiman has not raised the lighting issue on appeal, as discussed below.

After hearing oral argument, the trial court granted LAD's motion for summary judgment. The court concluded LAD had established the affirmative defense of the completed and accepted doctrine and Neiman failed to raise any triable issue of material fact regarding the defense. The court entered judgment in favor of LAD.

## DISCUSSION

*Standard of Review*

A trial court should grant summary judgment "if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) A defendant may establish its right to summary judgment by showing that one or more elements of the cause of action cannot be established or that there is a complete defense to the cause of action. (Code Civ. Proc., § 437c, subd. (p)(2).) Once the moving defendant has satisfied its burden, the burden shifts to the plaintiff to show that a triable issue of material fact exists as to each cause of action. (*Ibid.*) A triable issue of material fact exists where "the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850 [107 Cal.Rptr.2d 841, 24 P.3d 493].)

"We review the trial court's decision de novo, considering all the evidence set forth in the moving and opposition papers except that to which objections were made and sustained. [Citations.]" (*Johnson v. City of Loma Linda* (2000) 24 Cal.4th 61, 65–66 [99 Cal.Rptr.2d 316, 5 P.3d 874].) We view the

evidence and the inferences reasonably drawn from the evidence "in the light most favorable to the opposing party." (*Aguilar v. Atlantic Richfield Co., supra*, 25 Cal.4th at p. 843.)

*Neiman's Contentions*

In this action, Neiman does not allege LAD was negligent in preparing the plans and specifications. She claims LAD was negligent in "failing to see and notify SMCCD and Turner Construction [(the contractor)] that the contrast marking stripes required by the plans for the theatre and by the California Building Code were never placed on the stairs of the Main Stage," as explained in her separate statement of undisputed material facts in opposition to summary judgment.[4]

On appeal, Neiman contends the trial court erred in granting summary judgment based on the completed and accepted doctrine because there is a triable issue of material fact regarding whether the alleged defect—lack of contrast marking stripes on the stairs at the Main Stage—was a latent or patent defect. Neiman has abandoned the issue of inadequate lighting, which was alleged in her complaint. She did not present any evidence on this issue in connection with the summary judgment motion and does not contend on appeal there is a triable issue of material fact regarding the lighting. LAD, however, did address the issue in its summary judgment motion.

As a threshold matter, LAD argues on appeal the lack of contrast marking stripes does not constitute a "defect" because the exception to the requirement for such striping under the Building Code applies. As set forth above, contrast marking stripes are not required "where tread surfaces are such that the location of each tread is readily apparent when viewed in descent." (Cal. Code Regs., tit. 24, § 1028.11.3.) LAD did not address this issue in its motion for summary judgment, and the record does not establish that "the location of each tread [was] readily apparent . . ." within the meaning of this provision of the Building Code. Regardless of whether the lack of contrast marking stripes constitutes a defect, we conclude LAD is not liable to Neiman based on the completed and accepted doctrine.

---

[4] LAD argues it may not be held liable to Neiman for alleged negligent acts occurring while it was observing or supervising the construction work at the Main Stage because it was acting in its capacity as an agent of SMCCD and not as an independent contractor. (See *Huber, Hunt & Nichols, Inc. v. Moore* (1977) 67 Cal.App.3d 278, 299 [136 Cal.Rptr. 603] [an architect "is an agent of the owner in supervising the construction work as it progresses"].) As discussed above, paragraph 22 of the 2004 agreement between LAD and SMCCD provides: "While engaged in carrying out and complying with the terms and conditions of this agreement, the Architect is an independent contractor and not an officer, employee or agent of the District [(SMCCD)]." This provision does not differentiate between LAD's duties in preparing the plans and specifications and its duties in observing the construction work. We may not resolve this issue as a matter of law based on the record before us.

*Completed and Accepted Doctrine*

"[W]hen a contractor[5] completes work that is accepted by the owner, the contractor is not liable to third parties injured as a result of the condition of the work, even if the contractor was negligent in performing the contract, unless the defect in the work was latent or concealed. [Citation.] The rationale for this doctrine is that an owner has a duty to inspect the work and ascertain its safety, and thus the owner's acceptance of the work shifts liability for its safety to the owner, provided that a reasonable inspection would disclose the defect. [Citation.]" (*Jones v. P.S. Development Co., Inc.* (2008) 166 Cal.App.4th 707, 712 [82 Cal.Rptr.3d 882] (*Jones*), disapproved on another ground in *Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 532, fn. 7 [113 Cal.Rptr.3d 327, 235 P.3d 988]; see *Sanchez v. Swinerton & Walberg Co.* (1996) 47 Cal.App.4th 1461, 1466–1471 [55 Cal.Rptr.2d 415] (*Sanchez*).) Stated another way, "when the owner has accepted a structure from the contractor, the owner's failure to attempt to remedy an obviously dangerous defect is an intervening cause for which the contractor is not liable." (*Sanchez, supra,* 47 Cal.App.4th at p. 1467.) The doctrine applies to patent defects, but not latent defects. "If an owner, fulfilling the duty of inspection, cannot discover the defect, then the owner cannot effectively represent to the world that the construction is sufficient; he lacks adequate information to do so." (*Sanchez, supra,* 47 Cal.App.4th at p. 1467.)

LAD met its burden on summary judgment of establishing the affirmative defense of the completed and accepted doctrine. LAD presented evidence, in the form of SMCCD's responses to discovery in this action, that the work on the Main Stage project was completed on June 15, 2006. SMCCD opened the Main Stage to the public before May 30, 2008, the date of Neiman's injury. There can be no dispute SMCCD "accepted" the work before that date.

In its summary judgment motion, LAD argued the defects alleged in the first amended complaint—lack of contrast marking stripes on the stairs and deficient lighting—were patent defects. As noted above, the only alleged defect Neiman has put at issue in opposition to the summary judgment motion and on appeal is the lack of contrast marking stripes. LAD pointed out Neiman alleged in her first amended complaint the defect or "dangerous condition was created by . . . SMCCD" and SMCCD had "actual or constructive notice of the dangerous condition" within the meaning of Government Code section 835.2. Neiman did not allege there was a latent defect of which SMCCD was unaware.

It is undisputed LAD's plans and specifications called for contrast marking stripes to be placed on the stairs at the Main Stage. The absence of

---

[5] We are aware of no law holding that the completed and accepted doctrine does not apply to architects who supervise construction work.

stripes on the stairs is "obvious and apparent to any reasonably observant person." (*Sanchez, supra*, 47 Cal.App.4th at p. 1470.) The purpose of such striping is to ensure that "the location of each tread is readily apparent when viewed in descent." (Cal. Code Regs., tit. 24, § 1028.11.3.) The stripes are designed to be seen by someone walking down the stairs. Thus, a reasonable inspection should disclose the striping called for in the plans and specifications is missing. There is no evidence indicating SMCCD, which contracted for the work and participated in the walk-through on June 15, 2006, did not have access to the plans and specifications. The alleged defect is "patent as a matter of law; it would be discovered by the inspection an owner would make in the exercise of ordinary care and prudence" (*Sanchez, supra*, 47 Cal.App.4th at pp. 1470–1471), in ensuring that obvious safety measures called for in the plans and specifications were completed. This is not a concealed or hidden defect—a latent defect—which the owner would not discover by reasonable inspection. (*Id.* at pp. 1466–1467.)

Neiman has not raised a triable issue of material fact regarding the completed and accepted doctrine. In opposition to the summary judgment motion, Neiman argued there was a triable issue of material fact regarding whether the work on the Main Stage was "completed." As set forth above, Neiman asserted the work was never completed given that the contrast marking stripes specified in the plans were not installed, LAD did not make a final observation and certification that the project complied with the drawings and specifications, and LAD did not submit to SMCCD corrected drawings and specifications showing the project as constructed.

Neiman's argument is unavailing. The fact the project did not comply with the plans and specifications or that LAD may not have fulfilled all of its duties to SMCCD under the agreement, does not mean the project was not completed. SMCCD deemed the work complete in June 2006 and thereafter opened the Main Stage to the public. At the time of Neiman's injury, LAD was no longer providing services to SMCCD on the Main Stage project. (See *Jones, supra*, 166 Cal.App.4th at p. 717 [work completed for purposes of completed and accepted doctrine where owner accepted the work (installation of a machine), put the machine in use, and contractor no longer retained control over the machine].) LAD's negligence in performing the contract is irrelevant in application of the completed and accepted doctrine.

On appeal, Neiman does not argue there is a triable issue of material fact regarding whether the work on the Main Stage was completed. She argues there is a triable issue of material fact regarding whether the alleged defect—lack of contrast marking stripes on the stairs at the Main Stage—was a latent or patent defect. Neiman presented evidence indicating LAD, SMCCD, the contractor and a representative from the Division of the State Architect

failed to notice the lack of contrast marking stripes on a walk-through of the project on June 15, 2006. At the end of the walk-through, or "job walk," the project was deemed substantially complete, meaning the Main Stage could be utilized for its intended use. LAD provided SMCCD with a list of construction items that were still pending, but contrast marking stripes on the stairs was not one of them. Neiman asserts this is "strong evidence that the defect was latent and not patent." We disagree that this evidence indicates the defect was latent.

The parties do not dispute the plans and specifications called for contrast marking stripes on the stairs. At the time the project was completed and SMCCD accepted it, there were no stripes on the stairs. The fact that LAD did not bring this to the attention of SMCCD, or that others, including the representative from the Division of the State Architect, failed to notice the lack of striping during the job walk, does not mean this was a latent defect. Neiman cannot dispute contrast marking stripes—had they been installed—would have been readily apparent to someone walking down the stairs, as specified in the Building Code. Their absence is an "obvious and apparent" condition. (*Sanchez, supra*, 47 Cal.App.4th at p. 1470.)

Neiman points out that, "In the context of a patent defect, the word 'patent' ' "refers to the patency of danger and not merely to exterior visibility." ' [Citation.]" (*Sanchez, supra*, 47 Cal.App.4th at p. 1470.) If SMCCD had conducted a reasonable inspection to ensure the project complied with the plans and specifications, it would have noticed the contrast marking stripes called for in the plans and specifications were missing. It is evident such striping is installed to improve visibility of the stairs and not for aesthetic reasons. Applying the standard for a patent defect set forth in *Sanchez, supra*, 47 Cal.App.4th at page 1470 of a condition that is "obvious and apparent to any reasonably observant person," it should be evident stairs have the potential to be dangerous and the risk of falling is heightened on stairs. For this reason, the Building Code is replete with safety measures required on stairs. (See, e.g., Cal. Code Regs., tit. 24, §§ 1009 et seq. [stairways], 1012 et seq. [handrails].)

 ▮ Citing *Montijo v. Swift* (1963) 219 Cal.App.2d 351 [33 Cal.Rptr. 133] (*Montijo*), Neiman argues LAD may be held liable for her injuries even if LAD establishes all of the elements of the completed and accepted doctrine. There, the plaintiff sued the architect who designed and supervised the construction of a stairway in a bus depot, after the plaintiff fell while descending the stairway. (*Id.* at pp. 351–352.) The work had been completed and the bus company had accepted it before the plaintiff sustained her injuries. The appellate court stated that, "The evidence was sufficient to support a finding that the failure to extend the handrails to the edge of the

bottom step and the angle at which the wall tile had been set created a dangerous condition in that, for a person descending the stairway, there was no handrail support upon leaving the next to the last step; the end of the rail purportedly indicated the landing level of the stairway, which was not the fact; and the termination of the rail only slightly beyond the next to the last step combined with the angle at which the wall tile had been set created an illusion that the landing was on the plane actually occupied by the last step." (*Id.* at pp. 352–353.) The appellate court concluded the architect owed a duty to the plaintiff and could be held liable for her injuries: "Under the existing status of the law, an architect who plans and supervises construction work, as an independent contractor, is under a duty to exercise ordinary care in the course thereof for the protection of any person who foreseeably and with reasonable certainty may be injured by his failure to do so, even though such injury may occur after his work has been accepted by the person engaging his services." (*Id.* at p. 353.) The completed and accepted doctrine was not expressly raised in this case and the court did not expressly state whether the defect was latent or patent.

■ Under the completed and accepted doctrine, once work has been completed and accepted by the owner, the contractor is not liable to third parties for patent defects. (*Sanchez, supra,* 47 Cal.App.4th at pp. 1466–1467; *Jones, supra,* 166 Cal.App.4th at p. 712.)[6] Neiman has not cited any authority holding that the completed and accepted doctrine does not apply to architects. In *Montijo, supra,* 219 Cal.App.2d 351, there was no finding by the appellate court that the defect was patent.[7] Here, we conclude the defect was patent as a matter of law.

---

[6] Neiman argues *Sanchez* and *Jones* "are clearly distinguishable in that they involved undisputed patent defects, while in the present case there is substantial undisputed evidence that the defect was latent." In *Sanchez,* the defect was pooled water on a landing that drained toward the door of an office building. The owner's agents had observed "the dangerous condition" before the plaintiff slipped and fell. (*Sanchez, supra,* 47 Cal.App.4th at pp. 1470, 1471.) In *Jones,* the defect consisted of "protruding bolts on the anchors" of a machine. (*Jones, supra,* 166 Cal.App.4th at p. 713.) Both the owner and the plaintiff, whose job it was to operate the machine, knew about "the hazard" before the plaintiff tripped over a bolt and fell. (*Id.* at p. 714.) Here, regardless of whether SMCCD had noticed the lack of contrast marking stripes, the alleged defect was patent because a reasonable inspection would have revealed the striping called for in the plans and specifications was absent. Plaintiff has not raised a triable issue of material fact that the alleged defect was latent, as discussed above.

[7] In *Sanchez, supra,* 47 Cal.App.4th 1461, 1468–1469, this Division's opinion cited *Montijo* as an example of a case in which "the court does not expressly articulate the requirement that the defect be latent, but depends substantially on latency in fact . . . ."

The trial court did not err in granting LAD's motion for summary judgment because LAD established the affirmative defense of the completed and accepted doctrine and Neiman has not raised a triable issue of material fact.[8]

## DISPOSITION

The judgment is affirmed. LAD is entitled to recover costs on appeal.

Mallano, P. J., and Johnson, J., concurred.

A petition for a rehearing was denied November 29, 2012, and on November 14, 2012, the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied January 16, 2013, S207264.

---

[8] We express no opinion as to the liability of any other defendant.