Filed 7/23/20; Certified for publication 8/11/20 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| HALAH JAWAD ABDULKADHIM, Individually and as Personal Representative, etc., <br><br> Plaintiff and Appellant, <br><br> v. <br><br> TOMMY WU, <br><br> Defendant and Respondent. | B298091 <br><br> (Los Angeles County Super. Ct. No. BC585481) |

APPEAL from an order of the Superior Court of Los Angeles County, Stephen I. Goorvitch, Judge.  Affirmed.

First Law Group and Eric A. Forstrom for Plaintiff and Appellant.

Law Offices of Cleidin Z. Atanous and Cleidin Z. Atanous for Defendant and Respondent.

_____

Jasim Al-Kuraishi was killed in a car accident in the early morning hours of October 11, 2014. His wife, Halah Jawad Abdulkadhim, sued Tommy Wu and several other defendants individually and as the personal representative of Al-Kuraishi's estate for wrongful death. Wu moved for summary judgment and the trial court granted his motion. Abdulkadhim appeals from the resulting judgment. We agree with the trial court's conclusion that the sudden emergency doctrine provides Wu a complete defense and affirm.

## BACKGROUND

At about 1:00 a.m. on the morning of October 11, 2014, Al-Kuraishi was driving 70 miles per hour westbound on Interstate 10 near Rosemead. Ahead of Al-Kuraishi in the same lane, Wu was driving an SUV between 60 and 70 miles per hour. Wu saw a car stopped in the lane about 20 to 30 car lengths ahead of him, changed lanes (to the left, into one of two High Occupancy Vehicle (HOV) lanes), and passed the stopped vehicle driving between 40 and 50 miles per hour. He was 300 to 400 feet past the stopped car when he saw Al-Kuraishi's vehicle crash into the stopped car. The impact caused Al-Kuraishi's vehicle to leave the lane it was in, and it was hit by another car that had also been traveling about 70 miles per hour in an adjacent lane. After seeing the accident in his rear-view mirror, Wu stopped and called 911. A paramedic pronounced Al-Kuraishi dead at the scene of the accident.

On June 17, 2015, Abdulkadhim filed a complaint alleging a single cause of action against Manuel Mendez, Jr. (the driver of the stopped vehicle), Lesley Chavarria (the driver of the vehicle that hit Al-Kuraishi after he hit Mendez's car), David Mendez (the owner of the stopped vehicle), and Janice Rice (the owner of

2

the vehicle Chavarria was driving).  Abdulkadhim amended her complaint on October 6, 2016 to substitute Wu for a Doe defendant.

Wu answered the complaint on July 14, 2017.  The trial court's docket reflects that Wu filed a cross-complaint the same day.

Wu filed his motion for summary judgment on December 7, 2018.  The trial court initially heard the motion on February 22, 2019.  At that hearing, the trial court granted Abdulkhadim a continuance to supplement the evidentiary record, and requested supplemental briefing from the parties regarding the sudden emergency doctrine.  The trial court called the matter for hearing again on April 5, 2019, and granted Wu's motion for summary judgment based on the sudden emergency doctrine.

Abdulkadhim filed a notice of appeal on May 30, 2019, purporting to appeal from a "[j]udgment after an order granting a summary judgment motion."  Because neither the record nor the trial court's docket reflected any judgment having been entered in Wu's favor, however, we requested supplemental briefing regarding the appealability of the trial court's order granting Wu's motion for summary judgment.  We then continued this matter from our May 2020 calendar to allow Wu to obtain a final judgment on Abdulkadhim's complaint and to supplement the record to demonstrate dismissal of his own cross-complaint.  The supplemental record demonstrates that the trial court dismissed Wu's cross-complaint with prejudice on April 19, 2019, and entered judgment in favor of Wu against Abdulkadhim on July 2, 2020.  We deem Abdulkadhim's notice of appeal to be from the July 2, 2020 judgment.  (See *Mukthar v. Latin American Security Service* (2006) 139 Cal.App.4th 284, 288.)

## DISCUSSION

"A trial court should grant summary judgment 'if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' (Code Civ. Proc., § 437c, subd. (c).) A defendant may establish its right to summary judgment by showing that one or more elements of the cause of action cannot be established or that there is a complete defense to the cause of action. (Code Civ. Proc., § 437c, subd. (p)(2).) Once the moving defendant has satisfied its burden, the burden shifts to the plaintiff to show that a triable issue of material fact exists as to each cause of action. (*Ibid.*) A triable issue of material fact exists where 'the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof.' " (*Neiman v. Leo A. Daly Co.* (2012) 210 Cal.App.4th 962, 967, citations omitted (*Neiman*).)

" 'We review the trial court's decision de novo, considering all the evidence set forth in the moving and opposition papers except that to which objections were made and sustained. [Citations.]' [Citation.] We view the evidence and the inferences reasonably drawn from the evidence 'in the light most favorable to the opposing party.' " (*Neiman, supra*, 210 Cal.App.4th at pp. 967-968.)

"On review of a summary judgment, the appellant has the burden of showing error, even if he did not bear the burden in the trial court." (*Claudio v. Regents of the University of California* (2005) 134 Cal.App.4th 224, 230.) " 'As with an appeal from any judgment, it is the appellant's responsibility to affirmatively demonstrate error and, therefore, to point out the triable issues

4

the appellant claims are present by citation to the record and any supporting authority.  In other words, review is limited to issues which have been adequately raised and briefed.' " (*Ibid*.)

Under the "sudden emergency" or "imminent peril" doctrine, "a person who, without negligence on his part, is suddenly and unexpectedly confronted with peril, arising from either the actual presence, or the appearance, of imminent danger to himself or to others, is not expected nor required to use the same judgment and prudence that is required of him in the exercise of ordinary care in calmer and more deliberate moments." (*Leo v. Dunham* (1953) 41 Cal.2d 712, 714.)  "A party will be denied the benefit of the doctrine . . . where that party's negligence causes or contributes to the creation of the perilous situation." (*Pittman v. Boiven* (1967) 249 Cal.App.2d 207, 216 (*Pittman*).)

The trial court concluded that Wu had established his sudden emergency defense and that the defense defeated Abdulkadhim's negligence cause of action against Wu.  Abdulkadhim contends that the trial court erred in its application of the sudden emergency doctrine because, she argues, Wu created the emergency by changing lanes at an unreasonably late time for Al-Kuraishi to see Mendez's car stopped ahead of him and respond.

The facts here are undisputed, but the parties disagree regarding application of the sudden emergency doctrine to those facts.  Their briefing clarifies that the parties' disagreement centers on what set of circumstances constituted the emergency relevant to the sudden emergency doctrine.

Wu argues that the emergency was Mendez's car stopped in a lane of traffic moving at highway speed.  Abdulkadhim counters

5

that the emergency was Al-Kuraishi's inability to see the stopped car until it was too late because of Wu's lane change.

We agree with Wu. An emergency or peril under the sudden emergency or imminent peril doctrine is a set of facts presented to the person alleged to have been negligent. It is *that* actor's behavior that the doctrine excuses. (*Pittman*, *supra*, 249 Cal.App.2d at p. 216; *Shiver v. Laramee* (2018) 24 Cal.App.5th 395, 399.) It is irrelevant for purposes of the sudden emergency doctrine whether Wu's lane change created a dangerous situation for Al-Kuraishi or anyone else; the only relevant emergency is the one *Wu* faced.

Abdulkadhim's entire challenge to the trial court's order was that Wu created the emergency that resulted in Al-Kuraishi's death. Abdulkadhim's argument, however, is focused on the wrong set of circumstances for application of the sudden emergency doctrine. Abdulkadhim has not borne her burden on appeal to demonstrate error. We therefore affirm.

## DISPOSITION

The trial court's judgment is affirmed. Wu is awarded his costs on appeal.

CHANEY, J.

We concur:

BENDIX, Acting P. J.        SINANIAN, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| HALAH JAWAD ABDULKADHIM, Individually and as Personal Representative, etc.,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>TOMMY WU,<br><br>    Defendant and Respondent. | B298091<br><br>(Los Angeles County Super. Ct. No. BC585481)<br><br>ORDER CERTIFYING OPINION FOR PUBLICATION<br><br>[NO CHANGE IN JUDGMENT] |

    The opinion in the above-entitled matter filed on July 23, 2020, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

    There is no change in judgment.

_____

BENDIX, Acting P. J.      CHANEY, J.      SINANIAN, J.*

_____

    * Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.